STATE, *ex rel.* FIRST PRESBYTERIAN CHURCH OF MIAMI, v. A. E. FULLER, as City Manager of Miami, and A. E. FULLER, as Director of Finance of said City.

187 So. 148.
Division A.
Opinion Filed March 3, 1939.
Rehearing Denied March 20, 1939.

*Lilburn R. Railey,* for Plaintiff in Error;

*J. W. Watson, Jr.,* for Defendant in Error.

THOMAS, J.—An alternative writ of mandamus was issued, October 21, 1938, commanding the City Manager and Director of Finance of the City of Miami to recall and revoke licenses issued to Walgreen Drug Stores Company for

the conduct of a retail liquor business at one location and the operation of a retail liquor package store at another; to Turf Exchange Bar, Incorporated, for the business of retail liquor dealer; and to Hippodrome Cigar Stores for the operation of a bar.

Writ of error was sued out to the judgment of the court quashing the writ.

The first question we will consider is the authority of the city to ordain the manner of measurement to be followed in defining the restricted areas in which liquor may be sold.

"No license under subsections III, IV, V, VI, VII, VII½ of this section shall be granted to a vendor whose place of business is or shall be within two thousand five hundred feet of an established school or church except in incorporated cities, and towns, which said incorporated cities and towns are hereby given the power hereafter to establish zoning ordinances restricting the location wherein such licenses may be permitted to conduct such place of business and no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such municipal ordinance." Sec. 4151 (231) Perm. Sup., Vol. 3, C. G. L. 1927.

"4151 (240). Right of municipalities to regulate hours of business, etc., unaffected by this law. Nothing in this law contained shall be construed to affect or impair the power or right of any incorporated town or city of the State hereafter to enact ordinances regulating the hours, business and locations of places of business, and prescribing sanitary regulations therefor, of any licensee hereunder within the corporate limits of such city or town." Vol. 3, Perm. Sup. C. G. L. 1927.

Following the passage of the above act by the Legislature, the city of Miami enacted an ordinance, No. 1288, the pertinent section of which follows:

"Section 17. That no liquor shall be sold within 300 feet. of any church or school; however, this provision shall not apply to a Package Store or to those now engaged in the business of selling liquor, wine and beers, and licensed under the Ordinances of the City of Miami."

Thereafter, on August 10, 1938, said Section 17 was amended to read, according to the alternative writ of mandamus:

" 'Section 17. No retailer liquor Dealer License for the sale of liquor, to be consumed upon the premises, shall be issued to any person, firm or corporation, where the place of business designated in the application therefor is within 300 feet of a church or school;

" 'PROVIDED, that where any person, firm or corporation was, or had been, licensed by the City of Miami, on or prior to June 28th, A. D. 1935, to so sell liquor for consumption upon the premises at such place of business, and such place of business so licensed upon said date, was or is within 300 feet of a church or school, then such place of business is hereby excepted from the limitation of 300 feet aforesaid, and the retail sale of liquors may be carried on at such place of business, upon the issuance by the City of Miami of a license or licenses therefor to any person, firm or corporation and such license shall be issued by the City of Miami, *from year to year hereafter,* just as though no limitation of 300 feet or other limitation were mentioned herein; it being intended hereby that the location of places of business used for the purpose of selling liquor to be consumed on the premises, existing at the time of the passage of the ordinance to which this is an amendment, may be continued from year to year, even though such use does not conform with the provisions hereof, relating to the sale of liquor for consumption on the premises within 300 feet of a church or school. The method of measurement that shall be applied

to determine whether or not a place of business applying for a license to sell liquor for consumption on the premises is within or without 300 feet from a church or school, shall be by measurement made, or taken, from main front entrance of said church or school to main front entrance of said place of business, along the route of ordinary pedestrian traffic.

" 'Hotels containing fifty rooms or more shall be exempt from the provisions of this Section forbidding the licensing of a place of business for the sale of liquor to be consumed upon the premises, within 300 feet of a church or school, as aforesaid. Dining rooms and restaurants, where the sale and service of liquor is strictly incidental to the serving of food, and which dining rooms and restaurants do not exhibit any sign or display on the outside, denoting that liquor is sold or obtainable therein, are likewise excepted from the provisions of this Section, forbidding the sale, or licensing for sale, of liquor to be consumed upon the premises, at a place of business within 300 feet of a church or school. It being intended hereby that such hotel and restaurant, and dining rooms, shall not be prohibited from the sale of liquor for consumption upon the premises by reason of their location within 300 feet of a church or school.

" 'Nothing herein shall prohibit the licensing of places of business for the sale of alcoholic beverages sold only in sealed containers for consumption off the premises. It being intended hereby that places of business, where liquor is sold for consumption off the premises, and in sealed containers, may be licensed without regard to their location, and without regard to the fact that their location may be within 300 feet of a church or school.

" 'However, nothing in this section shall be interpreted to permit the sale of alcoholic beverages in, or adjacent to, residential districts where such sale is now prohibited by

other ordinances of the City of Miami, commonly known and *terms* as the Zoning laws of the City of Miami.'

"Section 2. All laws, and parts of laws, in conflict herewith shall be, and the same are hereby repealed. In the event any section, sub-section, sentence, clause or phrase of this Ordinance shall be declared or adjudged invalid, or unconstitutional, such adjudication shall in no manner affect the other sections, sub-sections, sentences, clauses or phrases of this Ordinance, which shall be and remain in full force and effect, as if the section, sub-section, sentence, clause or phrase so declared or adjudged invalid, or unconstitutional, was not originally a part hereof."

It is quite clear to us that by the above quoted sections of the Act of the Legislature, it was intended to give the cities the power to designate places within their limits where intoxicating liquors might be sold and to regulate the dispensation thereof. Having this view we think it is elementary that if a city is given the power to establish zones, it is a corollary that the city may define the terms used in its ordinances establishing such areas.

In other words, it is said in Section 17 of the city ordinance, that no person shall be licensed to sell liquor within 300 feet of any church or school, and the city having been given the power to regulate and restrict the business by ordinance could define the terms used to avoid ambiguity. It was the evident intent of the City Commission to prevent confusion by the provision that the distance should be measured from the main front entrance of the church or school to the main front entrance of the place where liquor is sold, following the route of ordinary pedestrian travel.

This case has been before this Court on two instances, and the opinions are recorded in volumes 133 Fla. 554, 182 South. Rep. 888, 134 Fla. 212, 183 South. Rep. 726, respectively.

It was then decided beyond question that under Sec. 8 of Art. VIII of the Constitution, the Legislature has the power to authorize cities to fix areas, thereby restricting the sale of intoxicating liquors. State, *ex rel.* First Presbyterian Church of Miami v. Fuller, 134 Fla. 212, 183 South. Rep. 726, *supra.*

From the map appended to the alternative writ of mandamus it appears that the shortest distance between the church and each of the buildings occupied by licensees is less than 300 feet.

By the method of computation adopted in the ordinance, all of the stores to which reference has been made are located the required distance from the church, except that of Turf Exchange Bar, Incorporated, for which license was issued September 15, 1938, authorizing sale of liquors at retail for the period of one year from October 1, 1938.

Original Section 17 of Ordinance 1288, *supra,* by its terms did not apply to "those now engaged in the business of selling liquor, wines and beers, and licensed under the ordinances of the City of Miami." When amended, there was an elaboration of this exception, in an attempt to allow all dealers in business at the time the limitation was originally established (June 28, 1935) to continue to operate from year to year although within the designated three hundred feet.

Thus we reach the last phase of the controversy, namely, the protection, if any, afforded Turf Exchange Bar, Incorporated, because it was in existence when the original ordinance became effective.

We refer again, for the purpose of emphasizing, to the provision in the ordinance giving protection to a vendor of liquors within the prohibited area who may have been established at such location when the original ordinance was passed. This is evidently based on the theory that such an

ordinance should not interfere with an existing use. Licensees do not fall within that class.

From the authority cited with approval in State, *ex rel.* First Presbyterian Church of Miami, v. Fuller, *supra,* it appears that a license is not property in a constitutional sense, nor is it a contract. Inasmuch as it "confers no right or estate or vested interest it would seem to follow that it is at all times revocable at the pleasure of the authority from which it emanates." 17 R. C. L. page 554; see also page 474.

As a license bestows upon its holder only a special privilege to do something which without it he had no right to do there seems no justification for the guaranty of security to persons in business at the time restricted areas were established. To give the license the dignity which is sought for it would encourage monopoly.

In State, *ex rel.* Taylor, v. City of Tallahassee, 130 Fla. 418, 177 South. Rep. 719, it was decided that an ordinance requiring an application for license to operate a pool room to be signed by a certain number of property owners was arbitrary as to a person seeking such a license to enter the business when the city did not propose to enforce the ordinance upon one already established on the opposite side of the street.

The purpose of the enactment of the city of Miami was, of course, to make the church and school free from the influence of establishments selling intoxicating liquor. There is no just reason to exempt from its operation such a place of business simply because it was privileged or licensed when the ordinance passed. There was no vested or property right and applying the reasoning in State, *ex rel.* Taylor, v. City of Tallahassee, *supra,* such procedure might easily create a monopoly.

We see no similarity in the facts of this case and those in

other cases cited by defendants in error where existing uses, such as filling stations, tanneries, garages, factories and the like were excepted from zoning ordinances.

We think that the part of the ordinance referred to is invalid because arbitrary and discriminatory but that this has no effect upon the other portions discussed in this opinion. See Sec. 2, *supra*.

It is ordered that the judgment of the Circuit Court be affirmed as far as it pertains to the two licenses of Walgren Drug Stores Company and that of Hippodrome Cigar Stores, and that it be reversed so far as it affects the license of Turf Exchange Bar, Incorporated.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in the opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.