60 So.2d 620 (1952)
ELLIS
v.
CITY OF WINTER HAVEN.
Supreme Court of Florida, Special Division B.
September 23, 1952.
*621 Paul Ritter, Winter Haven, for appellant.
Harry E. King, Winter Haven, for appellee.
ROBERTS, Justice.
The City of Winter Haven adopted an ordinance prohibiting the sale for consumption on the premises of non-intoxicating beer in a small area within the city limits. In adopting such ordinance, the City did not follow the procedure prescribed by Chapter 20202, Laws of Florida, Special Acts of 1939, which is a special zoning law applicable only to the City of Winter Haven and which authorized the City "to Prescribe and Enforce Zoning Regulations Governing the *622 Construction, Location, and Use of Buildings and Other Structures Within the City Limits of Said City". The principal question here presented is whether the City was authorized to adopt such ordinance without complying with the procedural requirements set forth in Chapter 20202, supra.
Chapter 20202 was not a new grant of power to the City insofar as the power to designate areas within the city where alcoholic beverages could not be sold is concerned. The State Beverage Act of 1935 expressly authorized the cities of this state to "establish zoning ordinances restricting the location wherein such [liquor] licensees may be permitted to conduct such place of business". Section 561.44, Florida Statutes, F.S.A. This same Act expressly reserved to the cities their power to regulate the hours of business and location of places of business and to prescribe sanitary regulations for liquor establishments, as theretofore exercised by the cities under the authority of Chapter 3163, Laws of Florida, Acts of 1879, now appearing as Sections 168.07, 562.45, Florida Statutes, F.S.A. By these two sections of the State Beverage Act, "it was intended to give the cities the power to designate places within their limits where intoxicating liquors might be sold and to regulate the dispensation thereof." State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148, 150.
At the time of the enactment of the State Beverage Act in 1935, there was no general law of statewide application granting to the cities the power to enact zoning ordinances. It was not until 1939 that such an Act was passed, being Chapter 19539, and now appearing as Chapter 176, Florida Statutes, F.S.A. It is clear, then, that the Legislature could not have intended in 1935, when it authorized cities to establish "zoning" ordinances to designate areas within their limits where alcoholic beverages could or could not be sold, that such ordinances should be adopted in any way other than that regularly followed by the city, since, as noted, no general procedure to be followed in adopting zoning ordinances had at that time been prescribed by the Legislature.
It should also be noted that the statewide zoning law, Chapter 19539, F.S.A. § 176.24, expressly provided that "This act shall not be construed to have the effect of repealing, impairing, or modifying any general or special law granting any like or similar powers to any municipality in the State of Florida, but the powers herein granted shall be supplemental and cumulative." It must be presumed that the Legislature acted with full knowledge of the provisions of the Beverage Act of 1935, so that by the language just quoted the Legislature must have intended to preserve to the cities their power to designate areas within their limits wherein alcoholic beverages could not be sold, in the manner in which this power had been theretofore exercised under the Beverage Act of 1935.
Chapter 20202 provides "That all laws or parts of laws, either general or special, granting powers to The City of Winter Haven, Florida, which are not in conflict with this Act, shall remain in full force and effect; and that all laws and parts of laws in conflict with this Act are, to the extent of such conflict, hereby repealed." The question then is: Is there such a conflict between Chapter 20202 and the provisions of the State Beverage Act with which we are here concerned as to make it apparent that the Legislature intended to repeal such provisions as to the City of Winter Haven?
It should be here noted that we are not dealing with an alleged conflict between a general law and a special law on the same subject, in which case the provisions of the special law would, of course, prevail. City of St. Petersburg v. Carter, Fla., 39 So.2d 804. But Chapter 20202 was enacted for an entirely different purpose than that which actuated the Legislature in reserving to the cities their power to regulate the location of liquor establishments within their limits. The purpose of Chapter 20202, as in all zoning laws, was to authorize the City of Winter Haven to regulate, systematize and stabilize the growth and development of its urban area; and the fact that the adoption of a comprehensive zoning plan for this purpose might, at the same time, amount to a regulation of the location of places of *623 business of liquor licensees  together with all other business establishments  is only incidental to the accomplishment of the main purpose.
And "the mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute. If the two may operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should each be given the effect designed for them unless a contrary intent clearly appears." State v. Gadsden County, 63 Fla. 620, 58 So. 232, 235. It is also a well-settled rule that this court must so construe two statutes as to preserve the force of both, without destroying their evident intent, if possible. Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294. And we think there is clearly a distinct field of operations for each of the statutes here involved.
The ordinance in question was not a comprehensive zoning plan regulating the sale of alcoholic beverages throughout the entire city limits; it affected only one small area of the city and was enacted under the City's power to regulate the "location of places of business" of liquor licensees, as reserved to it by Section 562.45, supra. See Tittsworth v. Akin, 118 Fla. 454, 159 So. 779. Whether a comprehensive zoning plan regulating the sale of alcoholic beverages within the city limits would have to follow the procedural requirements of a zoning law is a question not here presented, and one which we do not decide.
Moreover, neither the City of Winter Haven nor any other city of this state was required to establish a comprehensive zoning system, under the zoning laws applicable thereto, since such laws were a grant of power, only. And we cannot believe that the Legislature intended to require a city to appoint a Zoning Commission and a Board of Adjustment and have rules and regulations established for the zoning of such city, merely to enact an ordinance designating an area within the city limits where alcoholic beverages could not be sold.
We are further confirmed in our view that the ordinance here in question was a proper exercise of the City's power under the State Beverage Act without following the procedural requirements of its zoning law, by the fact that in the year 1879, the state delegated to the municipalities of this state authority to "regulate and restrain all tippling, barrooms and all places where beer, wine or spirituous liquor of any kind is sold, at retail", Section 168.07, Florida Statutes, F.S.A., and that the State Beverage Act expressly reserves to the cities this grant of power with respect to the regulation of hours of sale, location of places of business, and sanitary regulations. Section 562.45, supra. A legislative intent to require the City to exercise this power in a manner different from that previously followed should be clearly disclosed  either expressly or by such a diametrical repugnance as to leave this court no alternative but to hold that the later statute was intended to specify the manner in which this power should thereafter be exercised. Neither of such conditions here exist.
We hold, then, that the City of Winter Haven was not required to follow the procedural requirements of Chapter 20202 in enacting the ordinance in question, and the lower court did not err in so holding.
We have carefully examined the testimony adduced in the proceedings below on the question of the reasonableness of the ordinance. It appears that the ordinance in question was adopted at a meeting of the City Commission at which "a sizeable delegation of citizens" was present to urge its passage. The evidence as to the proximity of the area in question to churches and schools and as to other pertinent facts and circumstances was entirely adequate to show that the ordinance was reasonably necessary for the protection of the public health, safety, morals and general welfare.
No error having been made to appear, the decree appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and TERRELL, J., and FUTCH, Associate Justice, concur.