89 So.2d 346 (1956)
Abe JONES, d/b/a Greenleaf Cafe, Clifford Cornellius, d/b/a Blue Chip, Wade Thomas, d/b/a Silver Meteor Coffee Shop, Susie Linder, d/b/a Silver Star, Vanetta Walker, d/b/a Walker's Cafe, Elbert Behn, d/b/a Good Time Roll, Alice Love, d/b/a Love's Lunch, Appellants,
v.
CITY OF SARASOTA, a municipal corporation of Sarasota County, Florida, Appellee.
Supreme Court of Florida. En Banc.
September 7, 1956.
Fred G. Minnis, Tallahassee, for appellants.
Worth Dexter, Jr., Wendell F. Conlee of Dexter & Conlee, Sarasota, for appellee.
*347 THORNAL, Justice.
The seven appellants who were plaintiffs below seek reversal of an order sustaining the motion to dismiss their amended complaint which attacked the validity of an ordinance of the City of Sarasota.
The points presented to us on appeal are (a) in adopting the ordinance, the City failed to comply with the requirements of Section 176.02, Florida Statutes, F.S.A., which is the general municipal zoning law, (b) the ordinance is in conflict with the provisions of Section 561.45, Florida Statutes, F.S.A., which appears to give certain rights to holders of alcoholic beverages licenses of five years duration, and (c) the ordinance deprives appellants of their property without due process of law in violation of the Florida Constitution, Declaration of Rights, § 12, F.S.A.
Each of the appellants is a member of the Negro race holding a license to sell beer and wine for consumption on the premises. The business of each is located within 500 feet but more than 100 feet of an established church in what is known as Newtown, or Zone 4, of the City of Sarasota. As nearly as we can glean from the record, when each business was established, the city ordinances apparently prohibited such businesses within 100 feet of a school or church. All of the businesses, save one, were in operation for more than five years prior to the passage of the ordinance. Although the complaint appears to attack Ordinance No. 729, which purports to regulate "liquor" establishments are defined by Section 561.01, Florida Statutes, the briefs of counsel agree that the ordinance actually under attack is Ordinance No. 728 of said city, which was adopted by the Municipal Council on December 3, 1951. In substance this ordinance prohibits the operation of beer and wine establishments where the consumption of the beverages is permitted on the premises if the place of business "is situated less than 500 feet from an established school or church". The ordinance contained a provision allowing all existing establishments three years from its effective date to comply with its terms. The effective date apparently was January 2, 1952, and, therefore, insofar as appellants are concerned, if valid, the ordinance required that they move their establishments to a distance beyond 500 feet of schools or churches on or before January 2, 1955. Having failed to relocate their businesses by the critical date, each of the appellants found himself out of business on that date. We base our opinion on Ordinance No. 728, which clearly appears to be the one under attack.
The Chancellor entered a decree sustaining the validity of the ordinance and on the basis of the record before us, we hold that the Chancellor ruled correctly.
The contention of the appellants that the Municipal Council failed to comply with the requirements of Section 176.02, Florida Statutes, F.S.A., which is the general municipal zoning law, is without merit and is fully answered by our decisions in Ellis v. City of Winter Haven, Fla. 1952, 60 So.2d 620; and Makos v. Prince, Fla. 1953, 64 So.2d 670.
In regulating the location of alcoholic beverages establishments municipalities proceed under the authority of Section 561.44, Florida Statutes, F.S.A., and other sections of the alcoholic beverages law and insofar as this particular type of business is concerned, a city is not required to meet the procedural and other requirements of either general or special zoning laws.
On the second issue presented, appellants contend that they are within the protective provisions of Section 561.45, Florida Statutes, F.S.A., and particularly that part of the cited statute which reads as follows:
"* * * provided further, that whenever any license heretofore issued has been issued and renewed yearly for the past five years, including renewals and transfers thereof, it shall *348 not be grounds for revocation of any such license that the location of the licensee thereunder is now or was, when originally issued, within such prohibited distance from churches or schools * * *."
An examination of the statute will reveal that the position of the appellants is more apparent than real. The Act merely undertakes to extend protection to license holders of five years duration who have operated their businesses under their licenses within a prohibited area for a period of five years. In the case before us the prohibited zone within which appellants operated was not established until the ordinance of 1951 was passed. While it is true that they had operated within less than 500 feet of the several churches for more than five years, it is also true that during the period of operation, the location of their businesses was not prohibited by law for as long as five years and they are, therefore, not within the provisions of the statute.
Appellee assaults the constitutionality of the quoted language of the statute. We do not discuss this proposition for the reason that the constitutionality of an Act of the Legislature will not be questioned unless such consideration is essential to a solution of the problem before us. Here such consideration is not essential.
As to the third contention which is that the ordinance deprives appellants of their property without due process of law, we find that we would be confronted with greater difficulty in solving the problem if the allegations of the complaint supported the contentions and factual assertions contained in the briefs of able counsel. According to the briefs, the appellants who are all members of the Negro race appear to contend that they live and do business in a strictly Negro section of Sarasota. They assert that while the ordinance on its face operates without discrimination throughout the city, nevertheless, the practical result of the municipal enactment is that it does not affect adversely any beer and wine licensees except appellants. The interesting and novel reason for this contention is that appellants being Negroes cannot find suitable locations in any other section of Newtown, a Negro community, and that even if they could find business locations in sections of the city populated by white people, nevertheless, because of the admitted natural tendency of Negroes to live together and fraternize together, it would be impossible for appellants so they contend, to attract Negro patronage if their businesses were located in white areas of the city. The nub of the argument offered by appellants in their brief is revealed by the following verbatim quotations therefrom:
"It is a fact of which the court should take judicial notice that members of a particular ethnic group tend to live together.
* * * * * *
"* * * This area has, over a period of years, developed along the same general pattern found in the overwhelming majority of cities in both the Northern and Southern part of the United States. Persons of a particular ethnic group have tended to establish residence in a particular area exclusively without exception. So widespread and overwhelming is this trend, that it is a fact of which this honorable court should take judicial notice."
Although the philosophy of some jurists and the conclusions of some courts have recently led to decisions contrary to appellants' contention, this court remains of the view that basically the position announced in appellants' brief is correct. We concur in the viewpoint of appellants' counsel, himself a Negro, that by the very nature of things different racial groups do tend to congregate, fraternize and segregate unto their own kind, and if the allegations of the complaint upon which appellants must stand in this court supported *349 the contentions asserted in their brief, we would be inclined to go along with the laws of nature and concur in their position. Unfortunately, for appellants, their complaint upon which the Chancellor below was called upon to pass does not support the arguments advanced in their brief.
For example, the complaint itself fails to allege that Newtown is the only area of Sarasota containing a substantial number of members of the Negro race. The complaint fails to allege specifically, although it was so contended in the brief, that there are no other places to which appellants could move. Although the ordinance allowed three years for the moving process, it appears that appellants paid no attention to the ordinance until a few months before the critical deadline date. Although the brief argues that the practical operating effect of the ordinance was discrimination against appellants, there is no clear and specific allegation of fact in the complaint to support the conclusion. Moreover, there is no showing that appellants are the only Negro beer and wine licensees in Sarasota, nor does it appear that there are not many other such licensees unaffected by the ordinance and still in operation. As a matter of fact, the complaint completely fails to allege any factual support for the major premise upon which appellants rely for reversal in their brief.
In the absence of clear and sufficient allegations, especially where, as here, a municipal legislative enactment is under assault, a court is justified in dismissing a complaint for failure to state a cause of action. This is particularly so when we bear in mind that an alcoholic beverages license is not in and of itself a right of property, but rather the concession of a privilege granted subject to all reasonable and proper policing regulations in the public interest. State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148.
The decree of the lower court is affirmed without prejudice to the appellants, however, to amend their complaint if they so desire within fifteen days of the filing of the mandate in the court below.
Affirmed.
DREW, C.J., and HOBSON, ROBERTS and O'CONNELL, JJ., concur.
THOMAS, J., agrees to the judgment.