THOMAS, Justice.
In the Circuit Court of the 11th Judicial Circuit the appellants made an assault on Chapter 29786, Laws of Florida, Acts of 1955, claiming that it was invalid because it deprived them of property without due process of law, in contravention of Sec. 12 of the Declaration of Rights of the Constitution of Florida, F.S.A., and that by the passage of the law the State undertook to deprive them of property in violation of Sec. 1 of the 14th Amendment of the Constitution of the United States.
Between the time of filing the complaint, 29 July 1955, and the entry of the final decree, 12 July 1957, the law, designated as Sec. 561.20(2), Florida Statutes 1955, F.S. A., was amended by Sec. 17, Chapter 57-420, however, the pertinent portion of the law under attack was not altered by the amendment.
The factual situation was set by the pleadings. A license was issued to one *351 Maury Appel permitting the sale of intoxicants in a certain cocktail lounge located adjacent to a motel. Later, 10 April 1955, the appellants purchased .from Appel the license and secured from him a lease to that part of the premises occupied by the lounge. The transfer of the license was approved by the Director of the Beverage Department of the State of Florida. Evidently at the same time the appellants executed and delivered to Appel a chattel mortgage containing the provision that -the license should be kept in their names and if it was sold or transferred, the entire balance of the mortgage would immediately become due.
The law under consideration was passed 6 June 1955 providing that licenses for sale of liquors at motels could be held only by owners or lessees of the motels, so licenses issued to others than the owners or lessees could not be renewed except by issuance to the owners or lessees.
A letter was then sent by the District Supervisor of the Beverage Department to “Owner Lido Beach Lounge”, the place in question, stating, in effect, that it would be necessary to transfer to the owner or lessee of the motel not later than 1 August 1955 the license to sell intoxicants, until 1 October 1955, else the license could not be renewed when it expired.
The chancellor in the final decree held the act in question valid, therefore he declared that appellants’ license had expired. Consequently, he dissolved the order he had entered, two days before the license was required by the law to be transferred, temporarily restraining the appel-lees from enforcing the law.
In their brief the appellants refer to the “property right” which vested in them when they were granted the license. This court has repeatedly held that no such right vested by virtue of a license of this kind. For instance, in State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148, 150, we said, referring to an opinion in a former appearance of the case, reported in 134 Fla. 212, 183 So. 726, “a license is not property in a constitutional sense” and since “it 'confers no right or estate or vested interest it would seem to follow that it is at all times revocable at the pleasure of the authority from which it emanates.’ ” In the earlier case this court also held that when a person enters the business of selling liquor he does so well-knowing that the legislature has the power not only to regulate but to prohibit. The importance of this feature will appear when we reach a related matter presented by the appellants.
Many years later, in Boynton v. State, Fla., 64 So.2d 536, and Jones v. City of Sarasota, Fla., 89 So.2d 346, we declared that no right to sell intoxicants vested in any person, but that the license to engage in the business was merely a privilege.
The cases cited abundantly support the ruling of the chancellor and inasmuch as the appellants refer us to none holding contrariwise there seems to be no occasion to prolong this discussion.
Jurisdiction of this controversy was entertained because of the provision of Sec. 4(b), Art. V of the Constitution, F.S.A., as amended 6 November 1956, effective 1 July 1957, that appeals may be taken directly to this court from decrees “directly passing upon the validity of a state statute * * * ”
Having assumed jurisdiction we will comment briefly upon an allied question submitted by the appellants. They contend that the act impaired the obligation of a contract in violation of Sec. 17 of the Declaration of Rights of the Constitution of Florida, and Sec. 10 of Art. I of the Constitution of the United States. This position is based on the facts that when they secured the license from the then holder they gave him a chattel mortgage on certain property including the license and that the instrument contained the provision that should the license be sold or transferred, the payment of the debt would be accelerated. They reason that tile act *352 retroactively affected this contract between appellants and the mortgagee.
Actually the provisions of the act did not affect licenses then in existence but controlled renewals of them, so its operation was prospective.
In any event this mortgage was executed when the status of licenses to sell liquor had been fully established and the parties ■could not by an agreement for acceleration ■of the mortgage debt elevate a privilege to a vested right.
The chancellor was eminently correct and his decree is — ■
Affirmed.
TERRELL, C. J., and HOBSON, ROBERTS and DREW, JJ., concur.