PEARSON, Judge
(dissenting).
My dissent from the decision and the well-reasoned opinion of the majority is based upon my failure to agree that the revocation of a liquor license is either a “penalty or forfeiture” within the meaning of Section 932.29, Fla.Stat., F.S.A. I recognize that there is respectable authority for the view inherent in the opinion of the majority of the court and without attempting here to justify a contrary view, it is sufficient to point out that a liquor license is not a right accorded to all men.[3] It is neither a contract whereby the state is obligated to continue the relationship until *642 it is “forfeited”, nor is it a property right in a constitutional sense.[4]

. Boynton v. State, Fla.1953, 64 So.2d 536, 547; Jones v. City of Sarasota, Fla.1956, 89 So.2d 346, 349.

. State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148; Leafer v. State, Fla.1958, 104 So.2d 350.