PEARSON, Judge.
The defendant City of Miami Beach appeals from a final decree enjoining it from enforcing any ordinance, law or regulation whereby the plaintiffs, doing business as the Deauville Hotel, are prohibited from having a store front in connection with the sale of liquor on the premises of the Deauville Hotel, which is located in the City of Miami Beach. The complaint filed by the hotel alleged that under the laws and ordinances existing prior to the enactment of the complained of ordinance, plaintiffs would have been able to operate a night club and package store into which the public could enter directly from the street, and that they and their predecessors had for many years been issued a liquor license for the aforementioned premises. But that on or about September 30, 1957, it became necessary for the plaintiffs to apply for a renewal or the issuance of a new City of Miami Beach liquor license for the premises, which liquor license was issued, but that during the period of time that the application was pending the city council proceeded to enact the ordinance to which ob *186 jection was made. Further, that the effect of the ordinance enacted was to deny the plaintiffs the use of their property as such use existed at the time negotiations and sale to the plaintiffs of the property from their predecessors and that they had expended large sums of money in the construction of a hotel, relying upon their right to have an outside entrance to their night club bar and liquor store.
The answer of the defendant city denied the essential allegations of the complaint and thereafter the parties entered into a stipulation of facts. The stipulation of facts was in part as follows:
“In 1925 a hotel was constructed on plaintiffs’ land and remained thereon until on or about November 28, 1956, when the building was demolished. Thereupon, on or about February 19, 1957, a building permit was issued to the plaintiffs or their agents to construct a new hotel on the land of the plaintiffs, their interest in which had been acquired on February 12, 1957, and immediately following said date the building was constructed which now exists on the said land.
“On October 16, 1935 Ordinance No. 402 went into effect and it placed this property in ‘D’ District which permits the sale of liquor in 100-room hotels.
“On December 18, 1940, Ordinance No. 588 was adopted which amended Ordinance No. 402 so as to permit the sale of intoxicating liquor in 100-room hotels provided, however, that the place of business could be entered only from within the building and that there could be no store front on the street frontage.
“On November 10, 1941, Ordinance No. 614 was enacted which repeated the provision contained in Ordinance No. 588, but added the provision that in counting the hotel rooms each room must have sleeping rooms of the dimensions required under the Building code.
“On December 16, 1942, Ordinance No. 670 was enacted which placed the property in ‘B’ District which prohibited sales of intoxicating liquor for consumption on the premises.
“On November 6, 1957, Ordinance No. 1273 was enacted which placed the property in T District. In this District the sale of liquor for consumption on the premises is permitted in hotels of 100 or more rooms, which must meet the requirements of the Building Code, provided, however, that the exterior of the hotel will not contain a store front in connection with the business and the business so licensed shall be entered only from within the building.
“At no time until the construction of the new building during the year 1957 did the plaintiffs or their predecessors in title allow or attempt to allow the public to enter into their night club or into their package store directly from the street.
“Licenses were continuously issued by the City of Miami Beach for the sale of intoxicating liquor on the premises of the plaintiffs or their predecessors in title during the period extending from 1935 up to and including the year 1959. Copies of the licenses issued in 1935, 1936, 1937, 1938, 1939 and 1940 are not obtainable but copies of the licenses issued after the year 1940 are attached hereto, made a part hereof, and collectively as composites marked Exhibit ‘A’.
“On or about September 30, 1957 the plaintiffs applied for a liquor license. On October 16, 1957 City Manager Renshaw presented an amendment to the Code so as to exclude from ‘B’ District and to include in ‘D’ District the plaintiffs’ property, announcing that it had been discovered *187 that this property had for a number of years been classified in a district where the sale of liquor for consumption on the premises was prohibited, although a license had been issued for such sale during the period, notwithstanding the prohibition, and thereupon Ordinance No. 1273 was given its first and second reading, all as shown by an excerpt of the minutes of the Council meeting of October 16, 1957 hereto attached and marked Exhibit ‘B’.
“On November 6, 1957 Ordinance No. 1273 was given its third and final reading.”
The Deauville Hotel did not maintain in the trial court, nor does it maintain here, that the zoning ordinance which classifies property in certain areas in the City of Miami Beach as “D District” and thereby prohibits the maintenance of night clubs, bars and liquor stores having entrances directly upon the street in that area is invalid. Upon the other hand, the hotel does strenuously maintain that the inclusion of the property upon which the hotel is built in the “D District” is unenforceable by defendant against the plaintiff. The hotel maintains this is true because the ordinance, which included it in D District was passed only after a long'history of the issuance of liquor licenses to the hotel and that by the passage of the ordinance the city imposed a new condition upon the liquor licenses. They maintain that the city is estopped to enforce this new condition because of their expenditure of large amounts of money in reliance on the former condition.
The legal position maintained by the Deauville Hotel is untenable, because it affirmatively appears from the stipulation of facts that the hotel could not have relied upon a condition which allowed them to have an exterior entrance to their night club, bar or liquor store, because it is stipulated and agreed by them that: “At no time until the construction of the new building during the year 1957 did the plaintiffs or their predecessors in title allow or attempt to allow the public to enter their night club or into their package store directly from the street.” The plaintiffs below therefore stipulated that they did not rely upon the use of an outside entrance.
It is apparent, from a reading of the portion of the stipulation of facts quoted in the preceding paragraph, that the reason the hotel is prohibited from having a liquor bar with an outside entrance is not because of its inclusion in the “D District.” This is so because the stipulation elsewhere shows that without the ordinance which included appellees’ property in a “D District” they would have been unable to maintain a liquor bar at all. In addition to the reasons stated above, the issuance of a liquor license at this location in previous years furnished no basis to ignore the present regulation against use of a store front or street entrance, because a liquor license is not a vested interest and is subject to changing regulations or even to legislative cancellation. State ex rel. First Presbyterian Church of Miami v. Fuller, 133 Fla. 554, 182 So. 888, 890; Id., 136 Fla. 788, 187 So. 148, 150; Leafer v. State, Fla. 1958, 104 So.2d 350, 351; Davidson v. City of Coral Gables, Fla.App.1960, 119 So.2d 704.
For the reasons stated, the decree appealed from should be and hereby is reversed, and the cause is remanded to the circuit court with directions to dismiss the complaint.
Reversed and remanded with directions.
HORTON, C. J., and CARROLL, CHAS., J., concur.