160 So.2d 747 (1964)
R. Dean YARBROUGH, Appellant,
v.
Clarence VILLENEUVE and Louis F. Petrich, Appellees.
No. E-280.
District Court of Appeal of Florida. First District.
February 18, 1964.
Shell, Fleming & Davis, Pensacola, for appellant.
Harrell, Caro & Wiltshire, Pensacola, for appellees.
WIGGINTON, Judge.
The principal question presented for our decision on this appeal is whether a license to sell intoxicating liquors validly issued by the State Beverage Department to and owned by a lessee of real property may be subject to a landlord's lien for rent or to the lien of a duly executed chattel mortgage.
It is the contention of appellant that a state beverage license is but a permit or privilege subject to revocation by the issuing authority, and does not constitute a specie of property subject to the attachment of a landlord's lien or the lien of a mortgage.
In Leafer v. State[1] the question arose as to whether a beverage license issued under the laws of Florida constitutes a contract or vested right which may not be impaired by subsequent legislation. Answering this question in the negative our Supreme Court observed it has repeatedly held that no property right vests in the recipient of a beverage license issued under the laws of this state, but the right to sell intoxicants is merely a privilege. In quoting with approval *748 from its former decision in the First Presbyterian Church case the Court said: "`[A] (beverage) license is not property in a constitutional sense' and since `it "confers no right or estate or vested interest it would seem to follow that it is at all times revocable at the pleasure of the authority from which it emanates."'"[2] In the Davidson case the Third District Court of Appeal held that: "while the liquor business is a legitimate business protected by law as are other businesses (Harris v. State ex rel. Wester, supra, 159 Fla. 195, 31 So.2d 264, 266), such a license is not a vested right, and it can be subjected to further regulation or even revocation, at the pleasure of the legislature."[3]
Although a beverage license issued under the laws of this state is but the grant of a privilege which confers no vested rights in the licensee, and as such is not property in the constitutional sense, it has nevertheless been recognized and considered to be property in a commercial sense.
In the case of House v. Cotton our Supreme Court said that: "Even though a liquor license may have the character of a mere privilege insofar as governmental regulation of the alcoholic beverage industry is concerned, it must be recognized that in this state, as well as in many other states, due to the limitations respecting the number and location of liquor establishments and the conditions under which the license is issued, a liquor license has come to have the quality of property, with an actual pecuniary value far in excess of the license fees exacted by the state, county, and city. * * * Our statutes expressly recognize the transferability of a liquor license. Section 561.32, Florida Statutes, 1949, F.S.A."[4]
The foregoing rule was reaffirmed by the Supreme Court in the later case of Kline v. State Beverage Department of Florida where in holding that due process requires that a licensee be given notice of any hearing to be held for the purpose of revoking his license, and an opportunity to be heard, the Court said: "Whether or not a liquor license is property, the cases are confusing and in conflict, but from the last cited cases it appears to be settled in this State that account of its peculiar character, the conditions that inhere in and actuate its issuance, a `liquor license has come to have the quality of property, with an actual pecuniary value far in excess of the license fees exacted by the State, County or City.'"[5]
The statute creating a landlord's lien for rent provides that such lien shall attach to all property of the lessee usually kept on the premises.[6] The beverage law requires all vendors to display their licenses in conspicuous places on their licensed premises.[7]
The chancellor held that the beverage license involved in this case was subject both to the landlord's lien for rent owned by appellee Villeneuve, and to the chattel mortgage owned by appellee Petrich. We are of the view that in these respects the chancellor's ruling is in conformance with established principles of law and is free from error. We have carefully considered *749 the remaining points on appeal urged by appellant but find them to be without substantial merit.
The decree appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Leafer v. State of Florida, et al. (Fla. 1958), 104 So.2d 350.
[2] State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148.
[3] Davidson v. City of Coral Gables (Fla. App. 1960), 119 So.2d 704, 709.
[4] House v. Cotton (Fla. 1951), 52 So.2d 340.
[5] Kline v. State Beverage Department of Florida et al. (Fla. 1955), 77 So.2d 872, 874.
[6] "Every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:

* * * * * *
"(2) Upon all other property of the lessee or his sub-lessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased." F.S. § 83.08, F.S.A.
[7] F.S. § 561.23(2), F.S.A.