QUESTION: May municipalities continue to regulate the location of the sale of intoxicating liquors?
SUMMARY: Pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act, and s. 562.45, F.S., municipalities may continue to regulate the location of the sale of intoxicating liquors. Section 168.07, F.S. 1971, derived from Ch. 3163, 1879, Laws of Florida, formerly provided in pertinent part that municipalities "may regulate and restrain tippling, barrooms and all places where beer, wine or spirituous liquor of any kind is sold." In Ellis v. City of Winter Haven, 60 So.2d 620 (Fla. 1952), it was stated by the Florida Supreme Court that ss. 561.44(1) and 562.45(2), F.S. 1951, of the State Beverage Law, expressly reserved to the cities their power to regulate the hours of business and location of places of business and to prescribe sanitary regulations for liquor establishments, as theretofore exercised by the cities under the authority of Chapter 3163, Laws of Florida, Acts of 1879. . . . (Emphasis supplied.) See also City of Miami Beach v. State ex rel. Patrician Hotel Co., 200 So. 213, 217 (Fla. 1941), in which the Florida Supreme Court upheld a municipal ordinance which, generally, prohibited the sale of alcoholic beverages at any place of business located within 500 feet of another liquor vendor. Section 561.44(1), supra, which empowered municipalities to "establish zoning ordinances restricting the location wherein a vendor licensed under s. 561.34 may be permitted to conduct his place of business," was deleted in a revision of the state beverage laws in 1972. Chapter 72-230, Laws of Florida. However, as stated in Ellis v. City of Winter Haven, supra, s. 561.44(1) merely reserved a power which municipalities already possessed under s. 168.07, supra, so that the deletion of s. 561.44(1) from the state beverage law in 1972, when s. 168.07 was still in effect, did not operate to diminish municipal authority in this regard. Moreover, s. 562.45(2), supra, which is still in effect, provides that Nothing in the beverage law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the beverage law within the corporate limits of such municipality. This provision evidences a continuing legislative intent that, at least in the three areas enumerated therein, state beverage laws are not intended to preempt to the state the subject of the sale of alcoholic beverages. The instant inquiry arises as a consequence of the repeal of s. 168.07, supra, by Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F.S.). However, s. 5(2), of Ch. 73-129, supra, provides that it is the legislative intent that municipalities shall continue to exercise all powers conferred on municipalities by the statutory provisions repealed by the act, "subject only to the terms and conditions which they choose to prescribe." Thus, I am of the opinion that, notwithstanding the repeal of s. 168.07, supra, municipalities continue to possess the power conferred on them by such section; and that, pursuant to their broad home-rule powers granted by Ch. 166, municipalities may continue to regulate the location of the places of business of liquor vendors within municipal boundaries.