EMAS, J.
Alliance Nursing Care, Inc. (“Alliance”) appeals a final order upholding the Agency for Health Care Administration’s Notice of Intent to Deny Alliance’s application to renew its license as a home health agency. On appeal, Alliance asserts that the Agency for Health Care Administration applied the relevant statute in a retroactive and unconstitutional manner, adversely affecting Alliance’s vested, substantive rights. We affirm.

FACTUAL BACKGROUND

Alliance was licensed in Florida as a non-certified home health agency. The Agency for Health Care Administration (“the Agency”) is the regulatory authority responsible for licensure and enforcement of all applicable statutes and rules governing home health agencies.
On May 5, 2009, the Agency issued an administrative complaint against Alliance for violating section 400.474, Florida Statutes (2009), which authorizes the imposition of an administrative fine if a home health agency fails “to provide at least one service directly to a patient for a period of 60 days.” On May 12, 2009, Alliance expressly waived its right to a hearing and consented to the entry of a Final Order adopting the allegations and conclusions set forth in the administrative complaint. Alliance was assessed, and paid, a $1000 fine, and the case was closed. That final order was issued on July 15, 2009.
In the 2009 legislative session, the Florida Legislature enacted Chapter 2009-223, Laws of Florida, with an effective date of July 1, 2009. The primary purpose of the act is to preserve “the integrity and financial viability of the State’s health care delivery systems.” Ch. 2009-228, § 1(1), Laws of Fla. The Legislature amended section 400.471 to add subsections 10(a) through 10(l). The statute, as amended, prohibits the Agency from issuing a renewal license if the applicant has been administratively sanctioned for one of the enumerated offenses during the two-year period immediately preceding the submission of its license renewal application. As amended, the relevant portion of the statute provides:
(10) The agency may not issue a renewal license for a home health agency ... if the applicant or any controlling inter *744 est has been administratively sanctioned by the agency during the 2 years prior to the submission of the licensure renewal application for one of more of the following acts: ...
(d) Failing to provide at least one service directly to a patient for a period of 60 days.
Fla. Stat. § 400.471(10) (2009).[1]
Alliance applied for renewal of its home health agency license. Relying upon the newly-amended statute, and the prior administrative sanction against Alliance, the Agency issued a notice of intent to deny Alliance’s application for renewal of its license. Alliance filed a petition for informal hearing and argued it would not have opted to waive its rights had it known the statute would be amended and, as amended, would prohibit the Agency from renewing Alliance’s license. The informal hearing officer issued a recommended order affirming the Agency’s denial of the license renewal application. The Agency issued a final order adopting the informal hearing officer’s recommended order and upholding the notice of intent to deny the renewal application. Alliance appeals from that final order.

ANALYSIS

Alliance contends that the two-year “look-back” provision in section 400.471(10) is retroactive in nature, as it requires the Agency to deny a license renewal application based upon sanctions which were imposed upon a home health agency prior to the statute’s effective date. This “look-back” provision, Alliance argues, violates the principle in Menendez v. Progressive Express Ins. Co., 35 So.3d 873 (Fla.2010), that a substantive statute cannot be retroactively applied.[2] We disagree with Alliance’s premise.
As the Agency correctly points out, the amendment to section 400.471 had no effect on licenses which were already issued and in existence on the effective date of the new statutory provision. The statute, as amended, applied only to an application for renewal of a license. Therefore, the statute’s application is prospective, not retroactive. Leafer v. State, 104 So.2d 350, 352 (Fla.1958) (holding that “the provisions of the act did not affect licenses then in existence but controlled renewals of them, so its operation was prospective”).
We therefore need not reach the issue of whether the Agency’s granting of an initial home health agency license created a vested or substantive right which was impaired by applying the statute as amended to an application for renewal of that license.
Affirmed.

. Prior to the statutory amendment, the failure to provide at least one service directly to a patient for a period of sixty days subjected a home health agency to an administrative complaint and sanctions. However, it did not serve as a basis to deny an application for renewal of a home health agency license.

. Alliance also contends that section 400.471(d), Florida Statutes violates Article III, § 11(a)(20) and Article II, § 6 of the Florida Constitution. We find these claims are without merit and require no further discussion.