[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14047

_____

D.C. Docket No. 0:12-cv-61928-WPD

LEXRA, INC. *et al.*,

Plaintiffs - Appellants,

versus

CITY OF DEERFIELD BEACH, FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2014)

Before TJOFLAT, JULIE CARNES, and GILMAN,[*] Circuit Judges.

_____

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

GILMAN, Circuit Judge:

Lexra, Inc., Porthole Pub, Inc., JSPC, Inc., and Tropicante Productions, Inc. (collectively, Appellants) are all bars that operated for years in the unincorporated portions of Broward County, Florida, where they were allowed to serve alcoholic beverages until 4 a.m. But when Appellants were annexed into the City of Deerfield Beach (the City) on various dates between 1999 and 2004, they became subject to a municipal ordinance that prohibited the sale of alcoholic beverages after 2 a.m. for six days of the week.

Unbeknownst to Appellants, the City Manager, despite this ordinance, had negotiated a side agreement with All Stars, another bar in Broward County, permitting the bar to serve alcohol until 4 a.m every day. All Stars, in return for this exception to the City's ordinance, had not opposed being annexed into the City in 2000. When the City began enforcing the ordinance against Appellants, they sued under 42 U.S.C. § 1983, alleging violations of their rights under the First and Fourteenth Amendments.

The district court dismissed Appellants' complaint for failing to state a claim upon which relief could be granted. For the reasons set forth below, we **AFFIRM** the judgment of the district court to the extent it dismissed Appellants' due-process and First Amendment claims, but **REVERSE** its judgment with regard to

2

Appellants' equal-protection claim and **REMAND** the case for further proceedings consistent with this opinion.

## I.    BACKGROUND

### A.    Factual background

This appeal arises from the grant of a motion to dismiss.  As a result, we take as true the facts as alleged in the second amended complaint.  *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

When Appellants and All Stars were annexed into the City, they became subject to an ordinance mandating that all bars cease alcohol sales and musical entertainment at 2:00 a.m. Monday through Saturday and at 3:00 a.m. on Sunday mornings.  But All Stars, by virtue of its side agreement with the City Manager, was granted a permanent exception to the ordinance that would allow it to serve alcohol and play music until 4:00 a.m. every night of the week.  This side agreement was negotiated so that All Stars, as a tenant of the Crossroads Shopping Center, would not oppose being annexed by the City.

Although the closing-time ordinance was on the books for years, the City did not begin enforcement until 2007, at which point all businesses other than All Stars were forced to stop selling alcohol at the prescribed times.  This period of enforcement was short-lived.  Later that year, the City passed ordinance 2007-043

3

(codified as § 6-32 of the City Code), which allowed all Deerfield Beach bars to serve alcohol until 4:00 a.m.  Section 6-32 included a sunset clause, however, providing that the ordinance would cease to have effect on October 1, 2012.  When the City failed to extend the sunset clause, the ordinance lapsed per its terms.

Appellants allege that the agreement between the City Manager and All Stars "was later found by a state court to be binding on the City," but the state-court opinion purporting to so hold is not in the record.  In fact, at oral argument, the City's attorney noted that "it is possible that the order is apocryphal [because] none of the parties hereto have been able to put their hands on the order [although] we've looked for it high and low."

**B.    Procedural background**

In October 2012, after City Code § 6-32 expired, Appellants filed suit against the City in the United States District Court for the Southern District of Florida, alleging three violations of the First and Fourteenth Amendments. Appellants also moved for a preliminary injunction.

When the City moved to dismiss the complaint, Appellants amended their complaint and renewed their motion for a preliminary injunction.  Appellants later withdrew their preliminary-injunction motion after the City agreed to temporarily stop enforcing the closing-time ordinance.

4

Upon the City's later motion to dismiss the amended complaint, the district court dismissed the same without prejudice. Appellants then filed a second amended complaint. When the City again moved to dismiss, the court granted the City's motion and dismissed the second amended complaint with prejudice. The district court reasoned that (1) Appellants do not have a valid due-process claim because a license to sell alcohol is not a constitutionally protected property interest, (2) their First Amendment claim fails because the closing-time ordinance is content neutral, and (3) they do not have an equal-protection claim because the City had a rational basis to extend the operating hours for All Stars.

This timely appeal followed. The City has responded in part by filing a motion to dismiss the Appellants' claims as moot, based on the post-appeal closing of All Stars. Appellants have replied with an affidavit from Frank Bahman, an agent of Lexra, Inc. Bahman's affidavit includes email correspondence between himself and Cynthia Hershkovich, the director of leasing for the Crossroads Shopping Center, in which Hershkovich states that the special treatment enjoyed by All Stars "is not tied to [All Stars's] lease." Rather, the exception is granted to the shopping center, so that any bar that might open there in the future will purportedly be able to operate until 4:00 a.m.

5

## II.    ANALYSIS

### A.    Standard of review

This court reviews de novo a district court's dismissal of a complaint for failure to state a claim. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). Although all of the factual allegations are accepted as true and construed in the light most favorable to the party bringing suit, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (internal quotation marks omitted). The standard for plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff must plead sufficient factual content for a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.    Claims not moot

The City initially argues that Appellants' claims are mooted by the fact that All Stars is no longer open for business and, therefore, every bar currently operating in Deerfield Beach is subject to the same operating restrictions. The City's contention is without merit, however, because a case "becomes moot only when it is *impossible* for a court to grant any effectual relief." *See Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (emphasis added) (internal quotation marks

6

omitted).    In analogous circumstances, the Supreme Court has held that a plaintiff's claims do not become moot simply because the offending business stops operating.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189-94 (2000) (holding that the case was not mooted when the defendant ceased operating the hazardous-waste facility that formed the basis for the appellants' lawsuit).  Furthermore, Bahman's affidavit makes clear that a new bar could open in the Crossroads Shopping Center at any time, which would subject Appellants to the same unequal treatment as before.

## C.    Due-process claim

The basis for Appellants' due-process claim is that they were deprived of the right to serve alcohol during the same hours as All Stars.  Appellants further alleged that Florida law provides no means of challenging All Stars's side agreement with the City Manager.  We agree with the district court that Appellants have failed to raise a viable due-process claim.

A plaintiff alleging a violation of due process must show (1) a deprivation of a constitutionally protected property interest, (2) state action, and (3) a constitutionally inadequate process.  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).    State law forms the basis for an alleged deprivation of a

7

constitutionally protected property interest.  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

But a bar's license to sell alcohol is not a property interest in Florida for the purposes of a constitutional claim.  *State ex rel. First Presb. Church of Miami v. Fuller*, 187 So. 148, 150 (Fla. 1939) ("[A liquor] license is not property in a constitutional sense . . . ."), *quoted in Walling Enters., Inc. v. Mathias*, 636 So.2d 1294, 1296-97 (Fla. 1994).  As a result, Florida law does not provide a basis for Appellants' due-process theory.  The district court therefore did not err in dismissing this claim.

## D.    First Amendment claim

Appellants also alleged a violation of their First Amendment rights.  They assert that, because the City allowed All Stars to continue operating during hours at which Appellants were forced to close, the City engaged in viewpoint discrimination.  The district court dismissed this claim, finding that the City's closing-time ordinance is content neutral.  We agree.

Fundamental to a viewpoint-discrimination claim is the identification of a viewpoint against which the government has discriminated.  *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995) (holding that the government may impose "reasonable" restrictions on speech, so long as those restrictions do

not "discriminate against speech on the basis of its viewpoint").    But Appellants

conceded at oral argument that the ordinance in this case is content neutral.

Nonetheless, even content-neutral restrictions on the time, place, or manner

of speech may be unconstitutional if they are unreasonable.  *Cf. Ward v. Rock*

*Against Racism*, 491 U.S. 781, 791 (1989) (holding that a city's sound-

amplification guideline was a reasonable regulation of expression because it served

the public interest of protecting citizens from unwelcome noise).  Such restrictions

are reasonable as long as they "are justified without reference to the content of the

regulated speech, . . . are narrowly tailored to serve a significant governmental

interest, and . . . leave open ample alternative channels for communication of the

information."  *Id.* (internal quotation marks omitted).  Appellants have not alleged

that the City's closing-time ordinance fails to meet this test.    Instead, their

complaint is essentially about the extra hours of operation allowed All Stars, which

is more properly analyzed as an equal-protection claim.

## E.    Equal-protection claim

The heart of Appellants' case is that the City singularly treated All Stars

more favorably despite that establishment being identical to Appellants in all

material respects.  This is essentially a class-of-one claim as explained in *Village of*

*Willowbrook  v. Olech*, 528 U.S. 562, 564 (2000) (per curiam), which defined a

9

"class of one" equal-protection claim as one in which "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference."

The City attempts to justify its 2000 agreement with All Stars based on its contemporaneous efforts to avoid All Stars objecting to being annexed. But this hardly seems a proper basis to give All Stars (or Crossroads Shopping Center) a perpetual benefit over all the other bars in the City. To start with, we question the validity of the side agreement by the City Manager. The agreement flies in the face of both City Code § 6-32(a) ("[N]o vendor [that sells alcohol] . . . shall sell or offer for sale or deliver or serve or permit to be consumed upon the premises of such vendor . . . any beers, wines, liquor or alcoholic beverages of any kind" after the ordinance's 2:00 a.m. deadline) and Florida Statutes § 171.062(1) ("An area annexed to a municipality shall be subject to all laws, ordinances, and regulations in force in that municipality . . . .").

This would presumptively make the side agreement ultra vires and, therefore, void. *See City of Daytona Beach v. King,* 132 Fla. 273, 275-276 (Fla. 1938) ("[I]f the contract before us was ultra vires . . . , then the judgment [finding that contract void] should be affirmed."). And if there is in fact no state-court

order binding the City to the side agreement, this would seem to be the end of the matter.  The district court on remand can further explore this issue.

We also note that the district court determined that Florida Statutes § 171.062(1) was not applicable to this case because "All Stars was annexed into the City by a special act of the Legislature."  *Lexra, Inc. v. City of Deerfield Beach, Fla.*, No. 12-61928, slip op. at 10 (S.D. Fla. May 23, 2013).  The implication of the court's opinion on this point is that if § 171.062(1) does not apply, then newly annexed land would not be subject to the existing laws of an annexing city and, therefore, All Stars would not be subject to the City's laws.

The district court did not provide any authority for this surprising conclusion, nor could we find any.  But even if the court correctly determined that § 171.062(1) is inapplicable in this case, the fact remains that All Stars was able to remain open later than any other bar in the City.  Appellants' equal-protection claim thus remains regardless of whether § 171.062(1) is applicable.

The district court also erred in concluding that the "Plaintiffs fail to provide authority to support their position that treating one individual differently, particularly on rational grounds, gives everyone else an equal protection claim."  *Lexra, Inc.*, No. 12-61928, slip op. at 10.  Appellants in fact cited the applicable cases of *Legend Night Club v. Prince George's Cnty. Bd. of License Comm'rs*,

11

Nos. 05-2138 & 05-2686, 2009 WL 926989 (D. Md. Apr. 1, 2009), and *Aspen Ridge Estates, LLC v. United City of Yorkville*, No. 08-CV-4479, 2009 WL 331520 (N.D. Ill. Feb. 11, 2009).  In *Legend Night Club*, Prince George's County allowed only one of the jurisdiction's adult nightclubs to both offer nude dance performances *and* sell alcohol.  The court concluded that the disparate treatment of the county's nightclubs violated the other clubs' rights to equal protection because the government's actions were not rationally related to a legitimate state interest. *Legend Night Club*, 2009 WL 926989, at *5-6.

Similarly, in *Aspen Ridge Estates*, a municipality granted tax-and-fee waivers to certain residents along an annexation corridor, but the municipality required the plaintiff to pay the full amount of taxes and fees.  The court concluded that the plaintiff's equal-protection claim survived a motion to dismiss because granting tax-and-fee waivers to only a subset of landowners, which the municipality justified as "act[ing] in the best interest of the city in attracting a variety of land uses," while charging the full amount to others, was "wholly arbitrary."  *Aspen Ridge Estates*, 2009 WL 331520, at *3.

The district court acknowledged the *Aspen Ridge Estates* case, but distinguished it from the present case on the basis that, unlike the plaintiff in *Aspen Ridge Estates*, Appellants here "do not allege that the City intended to discriminate

12

against any of them." *Lexra, Inc.,* No. 12-61928, slip op. at 10. This conclusion is inconsistent with this court's understanding of both Appellants' second amended complaint and *Aspen Ridge Estates*. In each instance, the plaintiffs allege that a third party received special treatment not afforded to them, regardless of the City's intent. On this score, *Aspen Ridge Estates* and *Legend Night Club* provide persuasive authority here.

Perhaps this case can be quickly resolved on remand if the City concedes that no state-court order binds it to honor the City Manager's side agreement with All Stars and it further agrees that the City's time-closing ordinance that applies to Appellants will be equally applied to any bar that might open in the future at Crossroads Shopping Center. The City, in other words, would acknowledge that its 2000 side agreement with All Stars has no future force and effect. If the City fails to make such a concession, then the district court will have to reconsider the merits of Appellants' equal-protection claim.

### III.    CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court to the extent it dismissed Appellants' due-process and First Amendment claims, but **REVERSE** its judgment with regard to Appellants' equal-

13

protection claim and **REMAND** the case for further proceedings consistent with this opinion.