N. P. BISHOFF AS TAX COLLECTOR AND ASSESSOR OF THE CITY OF TAMPA, PLAINTIFF IN ERROR, VS. THE STATE *ex rel.* TAMPA WATER WORKS COMPANY, DEFENDANTS IN ERROR.

1. The remedy of mandamus can not be employed to accomplish a useless purpose, and courts should not proceed with a cause in such proceedings which involves only rights that have ceased to exist.

2. A license tax, as a tax, confers no right upon the party whose duty it is to pay it; it simply lays a burden upon an occupation and creates the duty to pay it, and an ordinance that imposes such a tax does not create any contract right.

3. The ordinance of the city of Tampa, passed September 28, 1900, numbered 245, and October 1, 1900, numbered 246, do not embrace a scheme to impose double license taxes for the same fiscal year.

4. The right to pass an ordinance includes the power to repeal or modify it, provided no rights secured by constitutional provision are thereby violated.

5. A party to a cause should not be permitted to assume in argument inconsistent and contradictory positions.

6. It would be useless to consider an objection to a privilege

license ordinance, construed distributively, on the ground that the amount required to be paid by the party objecting was unreasonable, when no benefit would result to him in the maintenance of his cause if such objection should be sustained.

Writ of error to the Circuit Court for Hillsborough County.

## Statement.

On the first day of October, 1900, the defendant in error filed a petition for an alternative writ of mandamus against plaintiff in error, and thereupon an alternative writ issued alleging that the Tampa Water Works Company was then and had been for the last two years past engaged in business within the corporate limits of the said city, and that the city of Tampa on the twenty-second day of September, 1899, passed an ordinance providing, among other things, that after the first day of October, 1899, every person, firm, corporation or association engaged in or managing any business, profession or occupation, and having a fixed place of business in said city, should obtain a city license on or before the first day of October, 1899, and annually thereafter, and always before engaging in any business, profession or occupation, should register in a book, to be kept for that purpose by the city tax assessor and collector, their names, profession or occupation and places of business, and that no person, firm, corporation or association should engage in or manage any business, profession or occupation before such registration; that after the first day of October, 1899, no person should engage in or manage any business, profession or occupation thereinafter required to be licensed

by the city without having first paid the amount of license tax required therefor to the city tax assessor and collect for the use of the city and obtain a license therefor, which was to be made out by the city tax assessor and collector upon the receipt of the amount of license tax required to be paid; that no license should issue for more than one year, to expire on the thirtieth day of September of each year, and for licenses obtained between October 1st, and April 1st, the full tax for one year should be paid, and that the licenses should be signed by the mayor and tax assessor and collector, and countersigned by the city auditor; that the amount of the license tax imposed by said ordinance upon petitioner, Tampa Water Works Company, was one hundred and fifty dollars, and that on the first day of October, 1900, while said ordinance was in full force in no way amended or repealed, said company applied to the plaintiff in error, who was tax assessor and collector of said city, and requested to be registered in the book required to be kept for that purpose, and this request was denied on the ground that the city had prepared no such book; and on said date said company tendered to said assessor and collector in legal tender money of the United States of America the sum of $150, being the amount of the license tax due by said company to obtain a license from the city, and demanded of him a city license to conduct its said business, and said assessor and collector received the money but refused to issue a license to petitioner. Said ordinance provided that any person violating the same shall be punished by a fine not exceeding $500, or imprisonment not exceeding sixty days. Further, that said company was entitled to receive a license from the city to conduct its business from the first day of October,

1900, to the 30th day of September, 1901, and that said license should have been issued by the said assessor and collector and signed by the mayor and auditor of said city, bu that by reason of the refusal of said tax assessor and collector to make out the license said company was not able to demand the signatures of the mayor and auditor; and, upon information, it is stated that if the assessor and collector had issued the license the mayor and auditor would have refused to sign the same.

The defendant, now plaintiff in error, was commanded to allow the said Tampa Water Works Company to register its name, business and place of business in the book required to be kept by said city, and to issue to said company a city license to engage in and conduct its business in said city for the year beginning October 1st, 1900, and ending September 30th, 1901, or show cause why he did not do so.

The ordinance referred to and filed with the alternative writ, passed September 22, 1899, prescribed a license tax on certain businesses, professions or occupations, and was numbered 232.

The first, second, third and fourth sections provided: "Section 1. That from and after the first day of October, 1899, every person, firm or corporation and association engaged in or managing any business, profession or occupation, and having a fixed place of business in the city of Tampa, and required to have a city license, shall, on or before October 1, 1899, and annually thereafter and always before engaging in any business, profession or occupation, register in a book to be kept for that purpose by the City Tax Assessor and Collector, their names, profession or occupation, and their place of business, and no

person, firm or corporation or association shall engage in or manage any such business, profession or occupation until after having been so registered in the office of the City Tax Assessor and Collector.

Section 2.   That from and after the first day of October, 1899, no person shall engage or manage the business, profession, occupation or occupations hereinafter mentioned, and required to be licensed by the city, without having first paid the amount of license tax required therefor to the City Tax Assessor and Collector for the use of the city, and obtained a license therefor.   The license shall be made out by the City Tax Assessor and Collector upon the receipt of the amount of the license tax required to be paid.

Section 3.   Licenses shall expire on the 30th day of September each year.   No license shall be issued for more than one year, and for each license obtained between October 1st and April 1st, the full tax for one year shall be paid, and for each license obtained from April 1st, to September 30th, one-half the full tax for one year shall be paid.   Any license may be transferred, with the approval of the Mayor, with the business for which it was taken out when there is a bona fide sale and transfer of the property used and employed in the business as stock in trade.

Section 4.   No person, firm, corporation or association shall engage in or manage any business, profession or occupation in this section mentioned, without first obtaining from the city a license therefor, and the assessment of such taxes are hereby fixed as follows."   In schedule "W" the amount of tax imposed upon Water Companies is $150.

The fifth and sixth sections provided: "Section 5. All licenses shall be signed by the mayor and tax assessor and collector and countersigned b-- the city auditor; and a list of all licenses issued shall be kept, to whom issued, date of issuing and number of certificate, and for what business or occupation; and the tax assessor and collector shall receive all monies for taxation and shall account for the same through the auditor's office and pay the same into the city treasury.

Section 6. All person or persons, firm or firms or corporations violating any provision of this ordinance shall, upon conviction, be punished by a fine not exceeding $500 or imprisonment not exceeding sixty days."

The respondent, Bishoff, as tax assessor and collector answered the alternative writ on the sixteenth day of October, 1900, admitting the relator to have been engaged in the business alleged and that the city of Tampa passed the ordinance with the provisions set forth in the alternative writ, and that on the first day of October, 1900, relator tendered to respondent the sum of $150, the amount of license tax due under said ordinance, and requested to be permitted to register as provided in said ordinance, and also demanded from respondent a license to conduct its said business in said city. · It is alleged that the city of Tampa had never provided respondent with any book, and he had never kept one, for registering the businesses or occupations of parties doing business in said city, and relator was so informed when the application for registration was made, and that at the time of the payment of the $150 relator accepted a receipt for the same from respondent, set out as an exhibit, the substance of which is the acknowledgement of the receipt of $150, the amount fixed

by ordinance number 232 for a water company to pay for doing business for one year from the first day of October, 1900, with notice on part of relator that an ordinance had been duly passed by the City Council and approved by the mayor, and not then published, but would under the city charter take effect after publication for five days, repealing ordinance number 232 and fixing the amount of license tax payable by water companies at $750 from the date when the ordinance took effect until the first day of October, 1901.

It is further alleged that the city council of the city of Tampa at the same session passed two ordiances, one dated the twenty-eighth September, 1900, numbered 245, which was duly approved by the mayor on the twenty-ninth of that month, and the other was passed on the first of October, 1900, numbered 246, and approved on the second of October, both of which ordinances are referred to and made part of the return. Further, that said ordinances numbered 243 and 246 had been duly published and were at the time of filing the return in full force and effect and binding upon relator, and that they repealed said ordinance number 232, making it the duty of respondent to issue to relator a license for the period mentioned in the alternative writ; that when relator paid to respondent the $150, the amount of license fixed by ordinance number 232 for it to pay, it well knew that the city had passed ordinance number 245 and it would take effect under the city charter after being published for five days in some newspaper published in the city, and that a license issued by respondent would thereafter be ineffectual.

It is denied that relator is entitled to a license from the city to conduct its business from the first day of Octo-

ber, 1900, to the 30th day of September, 1901, and it is alleged that respondent as tax assessor and collector of the city of Tampa was ready and willing to issue to relator a license to do business in said city for the period between the taking effect of ordinance number 245 to the first day of October, 1901, upon relator complying with the terms of said ordinance, in which event a credit of the $150 paid will be allowed.

Ordinance number 245 is to "license privileges, businesses and occupations carried on and engaged in within the city limits of the city of Tampa, to fix the amount of licenses taxes and to regulate certain businesses." Sections one and two are as follows: "Section 1. That it shall be unlawful for any person, firm or corporation to carry on or engage in any of the businesses or occupations hereinafter specifically enumerated, within the corporate limits of the city of Tampa, without first having obtained a license from the city of Tampa, as hereinafter provided.

Section 2. That a license tax shall be collected from every person, firm or corporation carrying on or engaging in any of the businesses or occupations, hereinafter specifically enumerated, which is hereby fixed at the respective amounts set opposite each business, or occupation hereunder, each of said amounts, unless otherwise specifically stated, being the amount payable as a license tax for carrying on or engaging in the business, or occupation mentioned until the 30th day of September, A. D. 1901, viz." In schedule "W," following the sections quoted, the amount fixed for water works or water works companies supplying or distributing water for a charge, is $750.

Section three limits the license tax solely to businesses or occupations carried on within the city of Tampa, and

the fourth section provides that each provision and license tax prescribed in the ordinance shall be separate and independent, and the ordinance intended to be construed distributively.

The fifth (5), sixth (6), thirteenth (13) and fifteenth (15) sections read as follows: "Section 5. All licenses including the period from and after this ordinance goes into effect until the thirtieth day of September, A. D. 1901, shall be procured on or before the fifteenth day of October, A. D., 1900, and thereafter all licenses shall be obtained on or before the first day of October in each year, and the respective amounts fixed by section 2 of this ordinance, except when otherwise specifically stated, shall be payable annually as a license tax for carrying on or engaging in the respective business, and occupations therein enumerated, during each year from and after September 30, A. D. 1901.

Section 6. No license shall be issued for a less period than six months, except as otherwise specifically provided in section 2 of this ordinance, and for each license issued between October 1st and April 1st of each year the full amount of the license tax hereby imposed shall be paid; for each license issued after April 1st, of each year, one-half of the total amount of the license tax shall be paid, but this shall not apply to licenses authorized by section 2 to be issued for a period of one week or for a less period.

Section 13. Any peron or persons, and the members of any firm and any corporation, violating any provision of this ordinance shall, upon conviction, be punished by a fine not to exceed two hundred dollars, or by imprison-

ment for a period not to exceed ninety days for each offence.

Section 15. All ordinances and parts of ordinances in conflict with the provisions of this ordinance are hereby repealed." This ordinance was passed on the 28th and approved on the 29th of September, 1900.

Ordinance number 246 is "in relation to license taxes paid on or after October 1st, A. D. 1900, under ordinance No. 232 of the city of Tampa," and is as follows: "Section 1. That the amounts of all license taxes paid by any persons, firms or corporations, under ordinance No. 232 of the city of Tampa, on or after October 1st, A. D. 1900, and prior to the time that ordinance No. 245 of the city of Tampa shall take effect by the publication thereof for five days in some newspaper published in the city of Tampa, shall be credited by the tax assessor and collector of the city of Tampa upon the respective amounts payable by such persons, firms or corporations for engaging in their respective businesses or occupations during the period between the time said ordinance No. 245 takes effect and October 1st, 1901, and the lic tions under the said ordinance No. 245 upon payment cense shall be issued to such persons, firms or corporaof the difference between the amount fixed as a license tax thereunder for engaging in any business or occupation, and the amount paid for engaging in such business or occupation on and after October 1st, A. D. 1900, under the aforesaid ordinance No. 232 of the city.

Section 2. If any person, firm or corporation shall pay a license tax under the said ordinance No. 232 prior to the time that the said ordinance No. 245 shall take effect, and the amount of the license tax payable

under the latter ordinance shall be 'the same as the amount of license tax payable under the former, it shall be unnecessary for such person, firm or corporation to procure a license under the said ordiance No. 245, but the license issued under ordinance No. 232 shall be deemed as valid and effectual as if issued under the said ordinance No. 245.

Section 3.    If any person, firm or corporation shall pay a license tax under the said ordinance No. 232 prior to the time that the said ordiance No. 245 shall take effect, and the amount of the license tax payable under the latter ordinance shall be less than that payable under the former, a license shall be issued to such person, firm or corporation under the latter ordinance upon the surrender of the license issued under the former, and in such event the difference shall be paid by the city tax assessor and collector to the holder of such license.

Section 4.    If any person, firm or corporation shall pay a license tax under the said ordinance No. 232 prior to the time that said ordinance No. 245 shall take effect, for engaging in any business or occupation for which a license tax is not required under the latter ordinance, the amount so paid shall be refunded upon surrender of the license issued under the former ordinance." This ordinance was passed on the first and approved on the second day of October, 1900.

Relator demurred to the return on the following grounds :

1st.    The return shows no reason why the peremptory writ should not issue.

2nd.    That ordinance numbered 245 and 246 do not affect the rights of relator.

3rd. Said ordinances 245 and 246 as to the rights of relator are retroactive and void.

4th. Said ordinances 245 and 246 as to relator impair the obligation of a contract between it and the city of Tampa created by ordinance number 232.

5th. Said ordinance number 245 purports to impose a tax upon relator and not a license, and the city of Tampa has no power to impose such tax.

6th. Ordinance number 245 is void because it is in violation of the constitution of the State of Florida and the charter of the city.

7th. Ordinance number 245 is void because it provides an illegal method of collecting the tax sought to be imposed.

8th. The said ordinance number 245 is void because the amount required to be paid by relator is unreasonable.

This demurrer was sustained and a peremptory writ awarded commanding respondent to issue a license to relator to carry on its business in the city of Tampa for the year beginning October 1st, 1900, and ending September 30th, 1901. This decision is before us for review on writ of error.

The other facts are stated in the opinion of the court.

*Hugh C. Macfarlane, Thomas M. Shackleford* and *James F. Glen* for Plaintiff in Error.

*Sparkman & Carter* and *P. O. Knight* for Defendant in Error.

MABRY, J. (*After stating the facts.*)

In this, a mandamus proceeding, the Circuit Court decided on the alternative writ and return thereto, shown by the statement of the case, that it was the duty of plaintiff in error, as tax assessor and collector of the city of Tampa, to issue to defendant in error a license to conduct its business in said city from the first day of October, 1900, to and including the thirtieth day of September, 1901. The duty to issue the license exists, it is claimed, under the ordinance of the city passed in 1899, and numbered 232. Ordinance number 245, approved September 29th, 1900, provides for the issuance of licenses from the time it went into effect, which was subsequent to the first of October, 1900, and for periods of time prior to this, ordinance number 232 is the only one called to our attention which imposes any duty to issue the license demanded by the defendant in error and awarded by the Circuit Court. If the ordinance number 232 was not in force and imposed no duty upon plaintiff in error as tax assessor and collector of the city of Tampa to issue to defendant in error the license demanded when the alternative writ was awarded, the decision rendered can not be sustained. Though defendant in error may have been entitled to a license when it was demanded and when suit was instituted to obtain it, yet if the ordinance was repealed and the duty to issue the license under it ceased before the cause was heard, the peremptory writ should not have been awarded. Courts do not determine mere abstract questions, and in mandamus proceedings will not proceed in a cause which involves only a right that has ceased to exist. This remedy can not

be employed to accomplish a useless thing. This court has announced this rule, and it is generally sustained. State *ex rel.* Vereen v. Commissiners of Marion County, 27 Fla. 438, 8 South. Rep. 749; State *ex rel.* Bisbee v. Board of Inspectors, 17 Fla. 26; Cutcomp v. Utt, 60 Iowa, 156, 14 N. W. Rep. 214; 13 Ency. Pl. & Pr. page 493, sec. 2. This general rule is not questioned by counsel for defendant in error, but it is insisted that it does not apply to this case for several reasons. One is that ordinance No. 232 was in full force on the first day of October, 1900, when defendant in error tendered and paid to the city tax assessor and collector the sum of $150 the amount of the annual license tax thereby imposed, and that a contract right to the license was thereby acquired that no subsequent ordinance could impair. We can not accept this as a correct legal proposition. It is evident that the ordinances in question undertook to impose a tax in pursuance of a taxing power, and not simply as a police regulation. A license tax, as such, does not create any contract right. In his treatises on State and Federal Control of persons and property, Tiedeman says (Vol. 1, page 502) that "a license tax, as a tax, confers no right of any kind; it simply lays a burden upon an occupation, and creates the duty to pay the tax." See License Tax Cases, 5 Wall. 462. Home Ins. Co. v. City Council, 93 U. S. 116. This is the correct rule in reference to the imposition of a tax as such, and we are unable to find authority to sustain the contention that defendant in error acquired a contract right to have a license issued under ordinance number 232.

It is further contended that ordinance number 245 is void because the city of Tampa had no power to levy

a license tax, as a tax, and in this respect the ordinance violates the constitution of the State and the city charter of Tampa ; and further, that it provides an illegal method of collecting the tax sought to be imposed, in that it is made a criminal offence not to pay it. Defendant in error based its right to the license upon ordinance number 232, and proceeded upon the assumption of its validity. The judgment of the court has no basis of support upon any other theory than that said ordinance was legally enacted, and imposed the corresponding duty upon defendant in error to pay the tax imposed, and the issuance, or preparation, of the license by plaintiff in error. Ordinance number 232 contains the same penal clause and was enacted in pursuance of and by virtue of the same powers conferred upon the city that the subsequent ordiances numbered 245 and 246 contain and under which they were enacted, and if it be true that the latter ordinances are void for the reasons stated, it would necessarily follow that ordinance number 232 is also void for the same reasons. The result would be, accepting the position of defendant in error here to be correct, that the judgment of the court was erroneous and must be reversed. Objections to ordinances numbered 245 and 246 on the grounds of a want of power in the city to pass them, and the mode of their enforcement, are inconsistent and in conflict with the assumption that ordinance number 232 was valid, and we will assume, for the purposes of this decision, as no doubt the Circuit Judge decided, that the city of Tampa had the power to pass ordinances imposing a privilege tax on occupations and businesses and enforce them in the manner provided in the ordinances in question.

It is argued on behalf of defendant in error that ordinances numbered 245 and 246 are void because they impose an additional license tax, or two license taxes on the same business in one year. Assuming that the city of Tampa had the power to impose a privilege tax on businesses, occupations and professions, we do not find it necessary to decide whether this power would authorize the imposition of more than one tax in the same year, for the reason that ordinances numbered 245 and 246 do not, in our judgment, undertake to impose such taxes. These ordinances were passed at the same session of the city council, though on different days, relate to the same subject-matter, and must be construed together. It is evident that the city council just prior to the expiration of the fiscal year ending September 30th, 1900, determined to substitute a new license tax ordinance to go into effect as soon as possible after its enactment. For this purpose ordinance number 245 was passed on the 28th and approved on the 29th of September, 1900, but as the city charter provides (amendment in 1899) that "all ordinances of the city of Tampa, before they shall become a law or take effect, must be published at least five days in some newspaper published in the city of Tampa," it could not go into operation until after the fifth day of the  following October. When operative it would, if valid, control the amounts of license taxes thereafter to be paid. During an adjourned session of the council, extending at least to the first day of October, it became known that parties engaged in business in the city and affected by the new ordinance, were paying the taxes provided by the former ordinance number 232 and demanding licenses thereunder, and thereupon ordinance

number 246 was passed which, together with number 245, became law after due publication as required by the charter.     The latter ordinances are inconsistent with and repeal ordinance number 232, except in the cases where the amounts of the license taxes fixed under both ordinances are the same, and then it was provided that if the tax had been paid and license obtained under ordinance number 232 prior to the taking effect of number 245, no further license should be secured under the latter ordiance.     Such was not the cause with the amount that defendant in error was required to pay to secure a license.     If taxes had been paid during the time mentioned under ordinance number 232 and none were required by the subsequent ordinance, they were to be refunded, and where there was an increase in amounts to be paid, and payments had been made prior to the taking effect of ordinance number 245, credits were to be allowed of what had been paid.     It was not a scheme to impose double license taxes for the same fiscal year, but to modify and change the former tax ordinance on the subject of license taxes, and the right to pass an ordinance includes the power to repeal or modify it, provided no rights secured by constitutional provisions are thereby violated.     We can not see that defendant in error had acquired any such right.     After the taking effect of the subsequent ordinances 245 and 246, there was no duty left under ordinance number 232 to issue any license to any person, and without such duty mandamus does not lie.

Again it is contended that ordinance number 245 is void because the amount required to be paid by defendant in error is unreasonable. It is not claimed, as we

understand it, that the entire ordinance is void because of the amount required to be paid by defendant in error. Other amounts thereby required may be reasonable, and it is expressly stated in the ordinance to be the sense of the council that it was to be construed distributively. In this case it is entirely unnecessary and useless for us to undertake to decide anything in reference to the reasonableness of ordinance number 245 in respect to the amount required from defendant in error. If we were to decide that the amount was unreasonable and eliminate it entirely from the ordinance, it would not make it the duty of plaintiff in error to issue a license under ordinance number 232. No valid attack is made on ordinance number 246, and it clearly provides that payments made under 232 prior to the time when 245 shall take effect for engaging in a business for which no license is required under the latter, the amount so paid shall be refunded upon surrender of the license issued. If the tax required from defendant in error be struck out as unreasonable, then no license would be required as to it, by ordinance number 245, and no duty would devolve upon plaintiff in error under any ordinance to issue the license which has been directed to be issued. In the case supposed defendant in error might be entitled to have its money refunded, but certainly not to a license to engage in its business.

Under no view we have been able to take of the case can the proceeding by mandamus be sustained, and it is our judgment that the decision directing plaintiff in error to issue the license is erroneous.

No point is presented here in reference to the right of defendant in error to register in a book to be kept by

the assessor and collector for that purpose. The city, it seems, provided no such book, and the peremptory writ awarded nothing in reference to the registration. As no question on this point is presented, no further reference is made to it.

The judgment is reversed with directions to overrule the demurrer to the return, and for further proceedings in accordance with this opinion. Ordered accordingly.