STATE, *ex rel.* THE FIRST PRESBYTERIAN CHURCH OF MIAMI, FLORIDA, a non-profit corporation, v. A. E. FULLER, as City Manager of Miami, and A. E. FULLER, as Director of Finance of the City of Miami.

183 So. 726.

For Former Opinion See 182 So. 888.

Opinion Filed October 11, 1938

*Lilburn R. Bailey,* for Plaintiff in Error;

*J. W. Watson, Jr.,* and *E. F. P. Brigham,* for Defendants in Error.

### On Petition for Rehearing

Per Curiam.—On petition for rehearing it is contended that the Turf Exchange Bar, Inc., and the Hippodrome Cigar Store, Inc., were each engaged in retailing intoxicants on or prior to June 28, 1935, the date of the passage of Ordinance No. 1288 and that each are authorized to continue as retail dealers of liquor under the exception, *supra,* contained in the Ordinance. One of the pertinent provisions here to be considered is Chapter 16774, Acts of 1935, Laws of Florida, and viz.:

"No license under sub-sections III, IV, V, VI, VII, VII½ of this Section shall be granted to a vendor whose place of business is or shall be within 2,500 feet of an established school or church except in incorporated cities and towns, which said incorporated cities and towns are hereby given the power hereafter to establish zoning ordinances restricting the location wherein such licensees may be permitted to conduct such place of business and no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such municipal ordinance."

The pertinent portion of Ordinance No. 1288 is Section 17, viz.:

"Section 17. That no liquor shall be sold within 300

feet of any church or school; however, this provision shall not apply to a Package Store or to those now engaged in the business of selling liquor, wines and beers, and licensed under the Ordinance of the City of Miami."

The power of the Legislature under Section 8 of Article VIII of the Constitution of Florida to authorize municipalities to establish zoning ordinances restricting the location where intoxicants may be sold and lawfully licensed to engage in the sale of liquors cannot be questioned. The power to regulate the sale of liquors is clearly with the Legislature. When a person engages in the sale of liquor he does so with a full knowledge of the right and power of the Legislature not only to regulate but to prohibit. He cannot assert that because of an established liquor business he has a vested right over which the Legislature is powerless to enact laws regulating or prohibiting the same. See authorities cited in the original opinion. There is no merit to this contention. See 17 R. C. L., pages 474, Sec. 2, 476 and 554.

It is next contended that the Turf Exchange Bar, Inc., Walgreen Drug Stores Co., and Hippodrome Cigar Stores, Inc., each having obtained a license to sell liquors, were and are necessary parties in the suit at bar. If the licensees here had a vested right created by the said license, then it may well be contended that each firm would be a necessary party, but the license privilege granted being a governmental power, it can at the discretion of the Legislature be withdrawn. See State v. Burgoyne, 7 Lea 173 (Tenn.) 40 Am. Rep. 60; Boston Beer Co. v. Massachusetts, 97 U. S. 25, 24 L. Ed. 989; Bishoff v. State, ex rel. Tampa Water Works Co., 43 Fla. 67, 30 So. 808, Prettyman, Inc., v. Florida Real Estate Com., 92 Fla. 515, 109 So. 442.

Counsel argues that persons materially interested, either legally or beneficially, in the subject matter of a suit must

be made parties defendant or parties complainant so that a complete decree may be made binding upon all the parties, and cites State, *ex rel.* Long, v. Carey, 121 Fla. 515, 164 So. 199; Baynard v. City of St. Petersburg, 130 Fla. 471, 178 So. 150; Oakland Properties Corp. v. Hogan, 96 Fla. 40, 117 So. 846; Bannon v. Trammell, 96 Fla. 408, 118 So. 167. We have carefully reviewed each of these authorities in the light of counsel's contention and, while we have the greatest deference for the opinion of learned counsel engaged in this case, it is just impossible to agree to their conclusions. This question was not raised in the lower Court.

Due consideration has been given by this Court to each contention urged as a basis for a rehearing and have concluded that the petition for rehearing should be denied.

It is so ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.