STURGIS, Judge.
The State Beverage Department and Martine’s, Inc., respondents below in this proceeding in mandamus, bring this appeal to review a final judgment in favor of ap-pellees, Brentwood Assembly of God Church, et al., petitioners below, hereinafter identified as “the Church”, awarding the petitioners a peremptory writ of mandamus commanding the Director of the State Beverage Department by a date certain to
“revoke and cancel the right of respondent, Martine’s, Inc., a Florida corporation, doing business as Liquor Super Mart, allowing the said Martine’s, Inc. to sell alcoholic beverages from its premises located at 4412 North Pace Boulevard, Pensacola, Florida, its license to do business at 'such location having been found to be issued contrary to the provisions of Chapter 561, Florida Statutes.”
and commanding respondent Martine’s, Inc., on or before said date,
“or immediately upon revocation of its right to do business at 4412 North Pace Boulevard, Pensacola, Escambia County, Florida [to] cease and desist from the sale of alcoholic beverages upon said premises.”
The sole issue before the trial court, as here, was whether, at the time of the issuance of a vendor’s license to Martine’s for the sale of alcoholic beverages at premises known as 4412 North Pace Boulevard, Pensacola, Escambia County, Florida, that location violated the following provisions of Section 561.44(2), Florida Statutes 1961, F.S.A.:
* * no license under subsections (3) to (8) inclusive, of § 561.34, shall be granted to a vendor, in the territory lying without the limits of incorporated cities or towns, whose place of business is within twenty-five hundred feet of an established church or school (which distance shall be measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare from the main entrance of said place of business to the main entrance of the church) * *
The trial court found that “the distance from the main entrance of said place of business” of the liquor store to the main entrance of the Church was less than 2500 feet “when measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare.”
Appellants contend that preliminary to issuing the license a correct measurement under the statute was made by the State Beverage Department revealing that in point of fact there is a distance of more than 2500 feet between the “main entrance” of the place of business of Martine’s and the “main entrance” of the church of the appellees, as that term is used in the statute. Appel-lees contend that the method of measurement employed by the State Beverage Department was incorrect and that, employing either' of 'several alternative methods which they suggest as proper, the distance between said points is less than 2500 feet. The accuracy of the measurements made by the respective parties, following the lines of route they respectively adopted and contend for, is not in dispute.
Before discussing the hereinafter delineated “Route 4A”, which we conceive to be the applicable shortest route of ordinary pedestrian travel along public thoroughfares between the points involved, we advert to three other routes of less than 2500 feet which appellees contend constitute shorter routes of ordinary pedestrian travel along public thoroughfares between said points; and for aught that appears to the contrary, either of the routes suggested by appellees *874 might in fact have been accepted by the trial court as the basis for the finding on which the judgment appealed is predicated, the judgment being silent on that point.
The following diagram, adapted from the evidence, depicts the several lines of route, distances, and other data bearing upon the respective contentions of the parties.

Route 1. Appellees maintain that a route of ordinary pedestrian travel along a public thoroughfare exists between Mar-tine’s and the Church along the line of Route 1 as shown by the above diagram. This route measures 2287 feet, but it is seen that it traverses an alley at the south of and patently an adjunct to Shopper’s Fair, privately-owned property. The record will not support appellees’ contention that the alley is a public thoroughfare.
The term “public thoroughfare”, as used in the statute, means a frequented way or course, especially, a road or street by which the public has unobstructed passage. Burnham v. Holmes, 137 Me. 183, 16 A.2d 476, 477. It is an unobstructed way open to the public, a public road or street open at both ends, especially a street or way through which there is much passing. Evers v. Flanagan, 186 Misc. 101, 61 N.Y.S.2d 496, 499. A parking area between curb and *875 sidewalk is not ordinarily regarded as a thoroughfare and is not expected to be used as such by a foot passenger. Mead v. City of Coffeyville, 152 Kan. 799, 107 P.2d 711.
For the reasons stated, Route 1 does not have the statutory attributes entitling it to be considered.
Route 2. Appellees also maintain that a route conformable to the statute, except that it has a distance of only 900 feet, exists along a straight line extending from the main entrance of the liquor store to the main entrance of the Church. Reference to the above diagram will show that this line, identified as "Route 2”, traverses the privately-owned property, shown as Shopper’s Fair, on which a shopping center was constructed subsequent to the issuance of the liquor license in question. For the most part this route traverses a parking and automotive operating area belonging to the shopping center, which area extends to the south line of the property upon- which the liquor store is located. At this time there is no physical barrier to prevent a pedestrian from traveling across it in passing between the liquor store and the Church. This instable fact, however, does not constitute the Shopper’s Fair property a public thoroughfare within the meaning of the statute or otherwise.
As originally enacted, F.S. Section 561.44, F.S.A., prescribed a minimum distance of 2500 feet between a liquor store and a church but did not define the method of measurement to be used, resulting in a construction that the measurement contemplated was a straight line. The obvious purpose of amending the statute to its present form was to provide a more realistic factor on which to base the measurement. The practical effect of following appellees’ contention for Route 2 would be to reinstate the statute as originally enacted and to eliminate from consideration the provision that the measurement be along a public thoroughfare. Suggested Route 2 does not have the attributes contemplated by the statute.
Route 3. A third measurement contended for by appellees contemplates that the pedestrian, upon leaving the main entrance of the liquor store which faces south, will turn to his left and proceed east to a point of intersection with Old Palafox Highway (an admittedly public thoroughfare), then proceed south along the highway to a point opposite the main entrance of the Church, thence proceed east to said main entrance, a total distance of 1240 feet. The difficulty with this measurement is that the line of travel from the main entrance of the liquor store to Old Palafox Highway is arbitrarily selected and is not along a public thoroughfare. Route 3, therefore, does not satisfy the statute.
Routes 4A and 4B. We now direct our attention to the question of the measurements made by the respective parties along the route which we conceive to be “the shortest route of ordinary pedestrian travel along the public thoroughfare from the main entrance of said place of business to the main entrance of the church,” as contemplated by the statute. Appellants rely on Route 4A as shown by the diagram. Ap-pellees rely on Route 4B as shown thereby.
The distance between the main entrance of the liquor store and Pace Boulevard is 318 feet. Along that line Martine’s has installed a hard-surfaced private roadway providing customer access to the liquor store, The State Beverage Department included said 318 feet in the calculation upon which it determined that Martine’s was entitled to the subject license, without which the distance involved is admittedly less than 2500 feet.
The statute fixes the termini of the governing measurement as the “main” entrances of the church and liquor store, respectively. Appellees contend that a proper construction and application to the facts in this case contemplates that the main entrance of the liquor store is at the point of intersection of the private road leading thereto with Pace Boulevard (see diagram) but we are unable to agree. To so hold would render meaningless the word “main” as it applies *876 to the entrances to the premises. We think the underlying legislative intent recognizes that either or both of such establishments might have several points of entrance to the building proper where its primary activities are carried on, but that each would necessarily have a “main” entrance; and that it designated the readily identifiable “main entrance” as the point at which to commence and end the measurement so as to eliminate, as far as practicable, the confusion and complications attending more indefinite factors for the measurement.
The only difference between Routes 4A and 4B as shown on the diagram, both of which commence at the main entrance of the building in which the liquor store is located and terminate at the main entrance of the church building, is that the appellees, contending for Route 4B, insist that upon arriving at the intersection of Loretta Street with Old Palafox Highway (point C on the diagram) the route of ordinary pedestrian travel is to follow a straight line drawn diagonally across Old Palafox Highway, by which procedure the over-all distance between the liquor store and the Church is 2481 feet, whereas appellants contend that upon reaching said point the route and measurement should thence be north along the west side of the highway to a point opposite the main entrance of the church building and thence east to said entrance, which produces an over-all distance in excess of 2500 feet. We hold that the method followed by appellants is correct. The measurement along a line as the crow flies between points “C” and “D” ignores well-recognized rules of the road governing pedestrian travel and does not follow a route of “ordinary pedestrian travel.”
The application of Martine's, Inc., for the liquor license in question was processed prior to commencement of construction of the liquor store and prior to completion of the construction qf the improvements on the trading center known as Shopper’s Fair. Upon receiving said application the State Beverage Department made a routine measurement of the applicable distance between the point indicated to it as the main entrance of the proposed liquor store building and the main entrance of the church building and concluded that it exceeded 2500 feet. The application was approved on that basis and Martine’s constructed the liquor store with the main entrance as indicated. Pending this proceeding the State Beverage Department again measured Route 4A, and found the actual distance to be 2580 feet. This measurement, as well as the measurement along Route 4B by the appellees, includes the 318 feet between the main entrance of the liquor store and the east boundary line of Pace Boulevard. Admitting that the differential of 19 feet in the distance between points “C” and “D” along Route 4B is overcome by a measurement following Route 4A between those points, appellees nevertheless contend that under the statute the “main entrance” of the “place of business” of the liquor store is the point of intersection of Pace Boulevard with the private roadway leading to the store; and if this contention is correct, no competent measurement would produce a distance of 2500 feet between the applicable points. However, we do not think the statute is to be so construed.
“Place of business” as used in F.S. 561.44(2), F.S.A. means the premises where the actual sale of intoxicating beverages is conducted; and “main entrance of”, as used therein with reference to the business of Martine’s and the activities of the Church, means the main entrance of the building or place where, in the case of the liquor store, the demonstrable act of selling and dispensing alcoholic beverages takes place, and in the case of the Church is the ■building or place where the principal activity of the church is demonstrably carried on. These statutory factors have no relation to such part of the premises which, though under the dominion of the liquor store or the • Church, as the case may be, has only an incidental connection therewith. In this case the fairly remote boundary lines of the real property upon which the *877 liquor store is located falls within the latter category. The question of whether the primary activity is conducted at a particular place on the premises depends, of course, on the facts in each case.
In this case we take into consideration the fact that the business and church involved lie in an area outside corporate limits and that such areas are normally less densely populated than areas within corporate boundaries. The legislature, by providing that nothing in the beverage law should be construed to affect or impair the power or right of incorporated municipalities to enact ordinances regulating, among other things, the location of the place of business of any licensee under the beverage law within the corporate limits of such municipality (F.S. 562.45), clearly recognized the existence of a practical distinction between the operation and enforcement of the beverage law within the territory of incorporated municipalities as compared to non-incorporated areas. State ex rel. First Presbyterian Church of Miami v. Fuller, 133 Fla. 554, 182 So. 888 (July 21, 1938); State ex rel. First Presbyterian Church of Miami v. Fuller, 134 Fla. 212, 183 So. 726 (October 11, 1938); State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148 (March 3, 1939).
In the first decided Fuller case, supra, the Florida Supreme Court sustained the power of a municipal corporation to prescribe the location within the municipality where intoxicating liquors may be sold; and reaffirmed that principle on rehearing (134 Fla. 212, 183 So. 726), saying:
“The power of the Legislature under Section 8 of Article 8 of the Constitution of Florida to authorize municipalities to establish zoning ordinances restricting the location where intoxicants may be sold and lawfully licensed to engage in the sale of liquors cannot be questioned.”
On the third appearance of said cause (136 Fla. 788, 187 So. 148) the Supreme Court considered, inter alia, the question of the authority of a municipality to ordain the manner of measurement to be followed in defining the restricted areas in which liquor may be sold. The ordinance there involved provided “that no liquor shall be sold within 300 feet of any church or school,” and further provided:
“The method of measurement that shall be applied to determine whether or not a place of business applying for a license to sell liquor for consumption on the premises is within or without 300 feet from a church or school, shall be by measurement made, or taken, from main front entrance of said church or school to main front entrance of said place of business, along the route of ordinary pedestrian traffic.”
It was held that the municipality, having been given the power to regulate and restrict the business by ordinance, had the further power, in order to avoid ambiguity, to define by ordinance the terms used in the first quoted regulatory provisions of the ordinance; and speaking through Mr. Justice Thomas, the court said:
“It was the evident intent of the City Commission to prevent confusion by the provision that the distance should be measured from the main front entrance of the church or school to the main front entrance of the place where liquor is sold, following the route of ordinary pedestrian travel.
^ ^ ^ ifc
“From the map appended * * * it appears that the shortest distance between the church and each of the buildings occupied by licensees is less than 300.” (Emphasis supplied)
We are conscious of the fact that the ordinance construed in Fuller calls for a measurement from the “main front entrance” of said church or school to the “main front entrance” of said place of business. It is fairly arguable that the adjective “front” as used in the ordinance is more definitive of the legislative purpose than is the language employed in F.S. 561.- *878 44(2), F.S.A.; but we are convinced that the legislative intent expressed by the statute is reasonably and properly construable as being identical with that of the framers of the ordinance as respects the points between which the measurements are to be taken; and we deem it unnecessary to embark on a sea of semantics in further exploration of this conclusion. We deem it pertinent to note, however, that because of the above mentioned considerations involving the difference in population factor between incorporated and non-incorporated areas and its probable effect upon the legislative will, the interpretation we give to the statute is no more restrictive than that which was given to the ordinance in Stale ex rel. First Presbyterian Church of Miami v. Fuller, supra.
We have carefully considered the decision of the Florida Supreme Court in Simpson v. Goldworm, 59 So.2d 511 (Fla.1952), in which it was held that the term “place of business” as used in F.S. 561.44, F.S.A. means the entire premises to which the liquor license is issued and not the particular place within such premises where the liquor is actually dispensed, and since the facts vary, find no conflict with our conclusions herein. The Goldworm case was a proceeding in habeas corpus testing Goldworm’s detention under a criminal charge for alleged violation of a municipal ordinance purporting to prohibit the sale of liquor in a certain district except from “service bars” in bona fide restaurants. In affirming the trial court’s discharge of the petitioner, the Supreme Court went no further than to hold that the petitioner was not in violation of such ordinance because upon his request the City Council had caused to be stricken from the license issued to him by the municipality the words “this license for service bar only.” Since the Supreme Court was not confronted in that case with facts of the character involved in the instant appeal, the interpretation of F.S. 561.44, F.S.A. as contained therein does not appear to serve as precedent for the problem before this court.
We have also reviewed appellees’ citations of authority from foreign jurisdictions, some of which are found to involve criminal proceedings, others to involve distances between such establishments inside municipal corporate limits, and others to involve statutes which are not in pari materia to the Florida statute. It is well settled that each state exercises independent control over the sale and distribution of alcoholic beverages within its territorial jurisdiction, hence the decisions of foreign jurisdictions are but slightly persuasive in resolving issues peculiar to the Florida statutes and economy.
The statute with which we are concerned deals with the proximity of liquor stores to churches, schools, and public housing projects. With respect to churches, it provides that the distance shall be measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare from the main entrance of the place of business of the liquor vendor to the main entrance of the church. With respect to schools, it provides that the distance shall be measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare from the main entrance of said place of business to the nearest point of the school grounds as used as part of the school facilities. With respect to public housing projects, it provides that no license shall be granted where the business is located in any building, or upon a lot or parcel of land located less than 300 feet from the nearest property line of any public housing project constructed or maintained by or with the aid of federal funds. Thus separate and distinctive methods are provided for measuring the distance from the main entrance of a liquor store to churches, schools, and public housing projects. The conclusion is inescapable that the legislature anchored the measurements in each instance to the “main entrance” of the liquor store as we ' have defined that term and varied the terminus of the measurement in recognition of a distinction between the other types of *879 ■establishments. It is obvious that appel-lees seek to have the measurement prescribed for schools applied to the church. We cannot, however, ignore the statutory-distinctions and differences governing the method for measuring distances under the varying circumstances.
It appearing from the uncontested facts .and the applicable law that the license in •question was lawfully issued, the judgment appealed must be and it is reversed, with directions to discharge the peremptory writ •of mandamus issued thereon.
Reversed.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.