WHITE, Judge.
Appellant Genevieve Albrecht was the petitioner below in mandamus proceedings wherein appellee City of Hollywood was the respondent. The petitioner sought to compel the city to approve the transfer of a liquor bar and night club license from one location to another. This appeal is from the trial court’s order vacating a final judgment and peremptory writ previously entered in favor of the petitioner. The court, in the order vacating its previous judgment and writ, granted a new trial because of freshly discovered evidence to the effect that petitioner’s proposed new location was in unlawful proximity to a pre-existing establishment of the same kind; and in the same order the court finally decided the issue in favor of the respondent city. This appeal ensued.
The petitioner was owner and operator of “Melody Lounge”, a bar and night club located at 2032 Harrison Street in Hollywood. In May, 1962 she decided to relocate her business at 1819 Wiley Street in the same city. She received approval of the city’s Planning and Zoning Department and caused her application for relocation to be placed on the agenda of the City Commission. Following a hearing and rehearing in June, 1962, petitioner’s application was denied. During that time there apparently was some confusion deriving from the fact that another applicant was seeking to locate very close to the same site.
On November 7, 1962 the State Beverage Department approved the proposed change of location of petitioner’s business and authorized the County Tax Collector, as far as the state was concerned, to license petitioner’s business at the new location. In the ensuing mandamus action against' the city the court at first ruled for the petitioner on November 15, 1962, but *841 next day the city formally moved for a new trial on the ground that the new location was, according to proper measurements, actually within 1000 feet by nearest pedestrian travel on public right of way from the main entrance of a similar place of business and that this circumstance made it contrary to the pertinent city ordinance[1] to permit the transfer of location as requested. On November 17, 1962, while the city’s motion for rehearing was pending, the petitioner contracted for certain construction and plumbing for the new location at contract costs of approximately $4,000.00. Thereafter, on December 17, 1962, the trial court entered the final order and judgment here appealed.
The petitioner first contends on appeal that the trial judge approved an erroneous concept of “public right of way” under § 4.16 Code of Ordinances of the City of Hollywood in the computation of distance. Secondly, the petitioner submits that it was an abuse of discretion to grant a new trial and judgment for the respondent city after the petitioner had materially changed her position in reliance on the prior judgment in her favor. We shall discuss these points in reverse order.
Under the circumstances delineated any change of position on the part of the petitioner was at her own risk. She let the improvement contracts only two days after the first judgment and only one day after the city’s motion for a new trial was filed. The caution light was unheeded.
Reverting to the first point with reference to the city’s computation of distance as a basis for a new trial, we note with approval the following observation in the trial court’s final order and judgment :
“The general rule is that one seeking a new trial grounded upon newly discovered evidence must show that he could not with due diligence have discovered such new evidence and presented it at trial; however, as stated in the case of Gaither v. Anderson (Fla.1932) [103 Fla. 1190, 135 So. 840] 139 So. 587, 588, this rule is 'not inflexible and must be sometimes bent in order to meet the ends of justice *
“In view of the necessity for the respondent City to act through its many employees and officials, the resulting misunderstandings between them, and in view of the transcendent importance to the public of the maintenance of reasonable controls over the sale of alcoholic beverages, the circumstances of the case appear to bring it well within the flexible rule heretofore referred to.”
Upon granting rehearing the trial court concluded: (a) that the city’s Planning and Zoning Department had previously failed to measure the distance from petitioner’s new location to the location of the nearest established package store; (b) that under the city’s interpretation of § 4.16 Code of Ordinances of the City of Hollywood (footnote 1), petitioner’s location was only 961 feet from another package store; (c) that under petitioner’s method of measurement the distance was 1184 feet or well over the 1,000 feet minimum imposed by the ordinance; (d) that each method of measurement had to be calculated over a “private” walkway in front of a previously established package store; and, (e) that the distance measured along such “private” walkway to the south side was longer than *842 the distance measured along the “private” walkway on the north side of the established retail outlet. The drawing in this opinion reflects the area involved.

*843 The distance between the involved points would be even less than the city’s figure if measured across the intervening parking lots or along the alley, but such measurements would be of no significance here since generally alleys and parking lots are not considered public rights of way. See e. g. the recent decision of the First District Court of Appeal in State Beverage Department v. Brentwood Assembly of God Church, Fla.App.1963, 149 So.2d 871, 874. The point is not raised here and we limit our treatment to the two routes posed by the parties and as charted on the drawing, supra.
The “private” service walk located in front of Food Fair and the established retail liquor outlet originates and terminates within the shopping center. It was not formally dedicated to the public, but “pedestrian travel” between the main entrances of the established outlet and petitioner’s proposed location cannot be measured without touching on such walk from some direction. The walk was in fact construed for the use and benefit of the public as the path of ingress and egress to and from the main entrances of the stores in the shopping center; and no matter how one approaches the established liquor store he must cross some portion of the parking lot and use some portion of the walk in order to enter the store. Under the circumstances the commonly used “private” walk must be deemed “public” in nature and within the ambit of the ordinance. The ultimate question, therefore, is whether or not the court erred in adopting the respondent’s route rather than petitioner’s route. We find no error in the court’s affirmance of the shorter route advocated by the respondent city.
Affirmed.
ICANNER, Acting C. J., and ALLEN, J., concur.

. § 4.16 Code of Ordinances of the City of Hollywood.
(1) “No vendors liquor license for the sale of intoxicating beverages containing alcohol or more than fourteen per cent by weight shall be issued to any person as applicant therefor for any place of business located within one thousand feet by nearest pedestrian travel on public right of way measured from main entrance of a place of business in which there is already a retail vendors liquor license to sell intoxicating beverages containing alcohol of more than fourteen percent by weight.”