ON PETITION FOR REHEARING
PER CURIAM.
In order to avoid misinterpretation of one statement in the original opinion that has been pointed out by appellant, we revise our statement of the trial court’s conclusion. The statement in our original-opinion reads:
“ * * * (e) that the distance measured along such ‘private’ walkway to the south side was longer than the distance measured along the ‘private’ walkway on the north side of the established retail outlet.”
Although the contrary should have been evident from the diagram in the original opinion, appellant contends that the statement has the effect of meaning that a pedestrian leaving the established retail outlet had a shorter distance to walk on the “private” walk if he used the north route when in reality the shortest distance on the private walk was to the south. We therefore adopt and revise the statement to read as follows:
“ * * * (e) that the total distance between the two outlets measured along the south side was longer than the total distance measured along the north side.”
Appellant also contends that our opinion is in direct conflict with the recent decision of the first district court in State Beverage Department v. Brentwood Assembly of God Church, Fla.App.1963, 149 So.2d 871. We find no such conflict. We are aware that generally parking lots and private walks are not considered public walkways and this has been recognized in the opinion. The distinctive point is that the distance to be measured as defined by ordinance, cannot be measured tp the main entrance of the established retail outlet without crossing or using some portion of the parking lot and privately owned sidewalk. Inasmuch as these factors exist the chan-celor did not err in adopting the shorter route, nothwithstanding the fact that this *844 route might at the same time utilize a longer portion of the privately owned but publicly used walk. We do not discuss the point further as it is amply covered in the original opinion.
We deem it unnecessary to discuss the remaining point with reference to appellant’s purported execution of a lease as a ground of estoppel. See State v. City of Hialeah, Fla.App.1963, 156 So.2d 675.
As amended supra, the original opinion in this cause is adhered to and reaffirmed.
Petition for rehearing denied.
ICANNER, Acting C. J., and ALLEN and WHITE, JJ., concur.