PER CURIAM.
Appellant seeks to overturn the Order of the Duval County Circuit Court which denied its petition for a writ of certiorari. Appellant’s petition to the Circuit Court sought to reverse the order of the Zoning Board of the City of Jacksonville that approved Groves’ application to transfer his liquor license to a new location. The decision of the Zoning Board overturned the *332 decision,of the Chief of the Building and Zoning Inspection Division which denied Groves’ application for a transfer on the grounds that, based upon his on-the-ground measurements, the new location proposed by Groves was within 3,000 feet of the appellant’s establishment for which it has an existing liquor license.
The applicable law of the City of Jacksonville requires that a new location of a liquor license shall not be less than 3,000 feet from the location of an existing license. The measurement of distances from one such licensed establishment to another is determined by measuring “the shortest route of ordinary pedestrian travel along public thoroughfares from the main entrance of the proposed location to the main entrance of the existing location.”
To bring the issue into clear focus, a chart designating the parties’ location and proposed location and means of access thereto appears below. The North Service Road is a one-way street going west, and the South Service Road is a one-way street going East.

(_) Building & Zoning Inspection Division Route — less than 3,000 feet.
(_) Zoning Board’s Route — in excess of 3,000 feet.
Appellee Groves applied to the Building and Zoning Inspection Division for a transfer of his liquor license to the new location as shown on Cesary Boulevard. The Chief of that Division found that the shortest route of ordinary pedestrian travel would be for the pedestrian to leave Groves’ site, proceed North on Cesary Boulevard, thence proceed West on the North Service Road, which is abutted by grassy strips of land, to the appellant’s establishment. The distance thus measured falls far short of the required 3,000 feet separation required in the Zoning Code, and *333 hence the application for transfer was denied. (See dotted or broken line on illustration.)
Groves then appealed to the Zoning Board. The Board overruled the Division Chief’s decision and granted the application for transfer. The Board found that there were no sidewalks within the definition of F.S. Chapter 316 on either of the service roads, and therefore the shortest route of pedestrian travel would be for the pedestrian to leave Groves’ proposed site, walk North on Cesary Boulevard, then West on the South Service Road, facing traffic, thence North on University Boulevard, thence East on the North Service Road, again facing traffic, to the appellant’s establishment. This route would be in excess of 3,000 feet. (See solid line oh illustration.)
The Circuit Court denied appellant’s petition for certiorari and filed a memorandum which states that the Division Chief ignored the well-recognized rules of the road. The lower Court’s decision was bottomed upon F.S. § 316.057(4), F.S.A. relating to situations where sidewalks are not provided, which states that a pedestrian shall, when practicable, walk only on the shoulder on the left side of the roadway in relation to the pedestrian’s direction of travel, facing traffic. There being no sidewalks provided along the service roads, the trial court found that a pedestrian would have to use the South Service Road when travelling from Groves’ proposed site to appellant’s site so that he could face the traffic which would be approaching from the opposite direction. The Zoning Board’s route of pedestrian travel was thus approved.
We reverse. The action of the Zoning Board, as upheld by the Circuit Court, is contrary to the obvious intention of the City Council in passing the distance requirement ordinance.
The clear intent of the ordinance is that there be a distance of at least 3,000 feet between establishments holding a liquor license. This requirement does not ebb and flow with the site of the pedestrian’s point of departure. The purpose of the law as to separation requirement may not be diluted by some walk-a-thon. Using the Zoning Board’s direction and rationale of pedestrian travel, there would be a distance of over 3,000 feet if one were to walk from Groves’ site to appellant’s site. However, if one were to' start walking from appellant’s site to Groves’ site, he would be required to walk East on the North Service Road, facing traffic, and then South on Cesary Boulevard, thus travelling a distance considerably less than 3,000 feet, as found by the Chief of the Building and Zoning Inspection Division and as would certainly be the shortest route of ordinary pedestrian travel.
The ordinance requires 3,000 feet distance between two liquor establishments and the distance is to be measured by the shortest route of ordinary pedestrian travel. That mandated separation distance is the very heart of the ordinance. The distance requirement is not dependent upon the starting place of departure, but is to be measured by the shortest route of ordinary pedestrian travel.
Were we to sustain the ordinance interpretation of the Board, the purpose of the ordinance would be drowned in the waters of tortured logic. Suppose that Groves owned and were to apply for a liquor license for a location directly next to and to the East of appellant’s establishment, as shown on the chart as [FT] . Under the ordinance interpretation by the Board, the application would be granted because, in order to determine separation distance, using the Board’s walk-a-thon formula, a pedestrian, using the “well-recognized rules of the road”, would be required to travel East on the North Service Road, facing traffic, then South on Cesary Boulevard, then West on the South Service Road, then North on University Boulevard, and then East again on the North Service Road, again facing traffic, until he reached appellant’s establishment, thus making the distance considerably in excess of the 3,000 feet requirement. Surely, it cannot be said that such a method of travel would be classified as “ordinary pedestrian *334 travel. As recognized by the statutes, the rules of the road are to be adhered to when practicable. It would not be practicable to require a pedestrian to walk a mile or two out of his way to reach a destination 10 or 100 feet from his point of departure.
The evidence reveals that the North Service Road contained grassy strips on both sides of the road. Hence, it would not be extraordinary for a pedestrian to walk along said Road to reach a destination adjacent to said Road. It would be the only “practical” and “ordinary” means of reaching such a destination. The Zoning Board departed from essential .requirements of law in granting appellee Groves’ application. The learned Judge of the lower Court erred in denying appellant’s petition for reversal of said order.
We reverse with directions that the petition be granted, the Order of the Zoning Board be quashed and the application of appellee Groves to transfer his liquor license be denied.
Reversed.
RAWLS, C. J., McCORD, J., and MELVIN, WOODROW M., Sr., Associate Judge, concur.