DAUKSCH, Judge.
On appeal is a decision of the Circuit Court quashing the decision of the Orange County Board of County Commissioners in a zoning case. We reverse.
ABC owns a liquor store which is located as shown below. Skaggs owns a grocery store and a liquor store. The liquor store is in the same building as the grocery store but has its own entrance and no access to the liquor store is made through the grocery store.
The Orange County Zoning Code provides no liquor store may be licensed to operate within 5000 feet of an established liquor store. Section 15, Article XXV, Zoning Resolution of Orange County. Section 4 of the zoning code provides the method by which the measurement of the 5000 feet is made.
“This distances (sic) provided in this Resolution shall be measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare from the proposed main entrance of a vendor who proposes to operate his place of business and is licensed under Chapter 561, Florida Statutes, to the main entrance of any other vendor who is operating such a business.”
We must decide whose interpretation of Section 4 is correct; the County Commission or the trial court.
Here is a drawing of the location of the properties and the lines drawn by the court and the Commission.

*659

*660 To the immediate north and west of the building on the Skaggs property is a sidewalk and a lined and laned parking lot. Beyond the lot are the public thoroughfares: Kirkman Road and West Colonial Drive.
The zoning code says the distance is measured by the “shortest route of ordinary pedestrian travel along the public thoroughfare.” The trial judge reasoned that the distance must be measured by proceeding from the main entrance of Skaggs’ liquor store to the nearest public thoroughfare and then along the public thoroughfare to the main entrance of ABC. We cannot agree with that interpretation. To require the pedestrian to go first westerly to get east when he can go northerly and easterly to east is making him walk too far. The trial judge applied a literal interpretation of the zoning ordinance while disregarding the logical. The distance from the main entrance of Skaggs to Kirkman is 200 feet while the distance from that entrance to Colonial (as drawn) is over 300 feet. That is what he founded his interpretation of the ordinance upon; he said:
“Uniformity can be achieved by always moving the ‘ordinary pedestrian’ in every case from entrance to entrance by means of the nearest public thoroughfare and not open that interpretation up to a per-ceivers conception of what route an ‘ordinary pedestrian’ would take.”
In applying what we feel to be the better rule we considered State Beverage Department v. Brentwood Assembly of God Church, 149 So.2d 871 (Fla. 1st DCA 1963) which displays a diagram and prohibits the pedestrian from crossing private property and has him travel a public thoroughfare to the main entrance of a church. A careful reading of that opinion may lead one to think a conflict exists when the line called “C-D” is considered with this opinion. A more careful reading reveals no conflict because in each case the pedestrian follows public thoroughfares all the way to the shortest route from the public thoroughfare to the main entrance. We also considered Albrecht v. City of Hollywood, 157 So.2d 839 (Fla. 2d DCA 1963) which is most persuasive of our point of view. Finally, Jax Liquors, Inc. v. City of Jacksonville, 295 So.2d 331 (Fla. 1st DCA 1974) reaches a similar conclusion and speaks of not requiring a walk-a-thon when logic would be the better rule.
Skaggs has raised the question of standing. We find the case of Renard v. Dade County, 261 So.2d 832 (Fla. 1972) to be on point: “. . . persons having a legally recognizable interest, which is adversely affected by the proposed zoning action, have standing to sue.” We can think of no one more interested in the establishment of a liquor store than another liquor store nearby. The effect to the established liquor store is certainly an economic one; to increase competition is to reduce income, usually. Also, ABC would not have a “liquor store row” established in the neighborhood depreciating all properties generally. See also Keating v. State, 173 So.2d 673 (Fla. 1965) where standing is affirmed.
The Order of the trial court reversing (quashing) the decision of the Board of County Commissioners of Orange County is REVERSED.
ALDERMAN and ANSTEAD, JJ., concur.