356 So.2d 1276 (1978)
RAYAN CORPORATION, INC., a Florida Corporation, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, a Political Subdivision of the State of Florida, and Joseph B. Reisman, Trustee and Fairland, Inc., Appellees.
No. 76-1689.
District Court of Appeal of Florida, Third District.
March 14, 1978.
Rehearing Denied April 21, 1978.
Gilbride & Heller, Miami, for appellant.
Stuart Simon, County Atty. and Stanley Price, Asst. County Atty., Sy Chadroff, Miami, and Charles L. Curtis, Tallahassee, for appellees.
Before PEARSON, NATHAN and HUBBART, JJ.
HUBBART, Judge.
The controlling issue raised by this appeal is whether a person owning a liquor business has standing to legally challenge a zoning decision which adversely affects his business by permitting the establishment of a nearby competitive liquor business. We hold that a person so affected has the requisite standing to legally challenge such a zoning decision.
The facts are undisputed. The appellant Rayan Corporation, Inc., owns the Cutler Ridge Liquor Store located at 20101 South Dixie Highway in Dade County, Florida. *1277 The appellees Joseph B. Reisman and Fairland, Inc., own property approximately 550-600 feet away. The appellees sought a zoning variance on their property so that they could build a "Big Daddy's" package liquor store and lounge thereon. Admittedly, the variance if granted would adversely affect the appellant's liquor business.
The Dade County Zoning Appeals Board denied the appellees' application for a zoning variance. On appeal, the Board of County Commissioners of Dade County reversed this decision and by resolution granted the requested zoning variance. The appellees now concede that the Board's decision herein was not fairly debatable because no showing of a zoning hardship was ever made. Dade County v. Frank N'Bun Operating Co., 169 So.2d 875 (Fla. 3d DCA 1964). The Circuit Court for the Eleventh Judicial Circuit of Florida denied the appellant's petition for a writ of certiorari from the Board's decision. This appeal follows.
The law is clear that a person has standing to legally challenge a zoning decision if he has "a legally recognizable interest which is or will be affected by the action of the zoning authority in question." Renard v. Dade County, 261 So.2d 832, 837 (Fla. 1972). The owner of a liquor business, which is or would be affected by a zoning decision permitting the establishment of a nearby competing liquor store, has a legally recognized interest sufficient to confer upon the said owner requisite standing to legally challenge the action of the zoning authority in question. ABC Liquors, Inc., v. Skaggs-Albertson's, 349 So.2d 657 (Fla. 4th DCA 1977). This established law is in accord with the well-settled rule that a liquor licensee has standing to legally challenge the grant of a liquor license to a business competitor solely on the basis of adverse economic competition. Keating v. State, 173 So.2d 673, 675-676 (Fla. 1965). To the extent that Skaggs-Albertson's Properties, Inc. v. Michels Belleair Bluffs Pharmacy, Inc., 332 So.2d 113, 116 (Fla.2d DCA 1976) cert. den. 346 So.2d 537 (Fla. 1977), states a contrary rule, we decline to follow it.
The appellant is the owner of a liquor store whose business is or will be adversely affected by the zoning variance granted by the Dade County Board of County Commissioners and, accordingly, has the requisite standing to challenge the zoning decision herein. And the zoning variance itself is conceded by all parties to be invalid. In all fairness to the trial court, this concession did not come until oral argument before this court.
The decision of the circuit court below is, therefore, reversed with directions to grant the appellant's petition for a writ of certiorari and quash the zoning resolution in question passed by the Board of County Commissioners of Dade County.
Reversed.